(68 App. Div. 154.)

MAHON v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

MUNICIPAL CORPORATIONS—PENSIONING TEACHERS—RETROACTIVE LAW—CON-
    STITUTIONALITY.
        Laws 1900, c. 725, which empowers the board of education to place on the list of retired teachers entitled to receive as an annuity one-half the salary paid them prior to the time of their retirement certain teachers who had retired prior to the passage of the law creating the pension fund, is unconstitutional, within Const. art. 8, § 10, forbidding any city to give money in aid of any individual, being, on account of its retroactive operation, a mere gratuity.

Appeal from special term, New York county.

Application for mandamus by Catherine F. Mahon against the board of education of the city of New York to require the defend-

ant to place her name on the list of retired teachers entitled to receive as an annuity one-half of the salary which they had received up to such retirement. Judgment awarding the writ, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Theodore Connoly, for appellant.
Charles A. Decker, for respondent.

LAUGHLIN, J. The right of the respondent to the relief granted by the order from which the appeal is taken is based on the provisions of chapter 725 of the Laws of 1900. The title of that act recites that it is "for the relief of certain persons who have retired from their positions as teachers in the public schools of New York." Section 1 thereof names 33 individuals, and authorizes and empowers the appellant to place their names on the list of retired teachers entitled to receive as an annuity one-half of the annual salary paid to them prior to retirement, pursuant to the provisions of chapter 296 of the Laws of 1894, as re-enacted in section 1083 of the Greater New York charter, and amended by chapter 91 of the Laws of 1898, and to pay to each of them out of the funds provided by said statutes an annuity of one-half the amount of salary which they received at the date of their resignation as teachers in the public schools of said city. It is further provided that the payment of such annuities shall be made from the date of resignation; but, where the resignation occurred prior to the enactment of chapter 296 of the Laws of 1894, it is provided that payment shall commence on the date of the passage of that law. It does not appear from this special act how long the individuals therein named were employed as teachers in the public schools, nor is it stated when they retired from such service. In the case of the respondent, however, it appears from the moving papers that her connection with the public schools was severed by her retirement on the 1st day of September, 1892, prior to which time she had been continuously employed as a teacher from the year 1857. At the time of her retirement no provision had been made for pensioning teachers on account of long service or otherwise, and no public fund had been created for that purpose in which she had any interest, either legal or equitable. Chapter 296 of the Laws of 1894 constitutes the first legislation on the subject applicable to the city of New York. That statute created a "public school teachers' retirement fund," to consist of (1) money, pay, compensation, or salary forfeited, deducted, or withheld from teachers' salaries on account of absence from duty; (2) moneys received from donations, legacies, gifts, bequests, or otherwise for and on account of that fund; and (3) "all such other methods of increment as may be duly and legally devised for the increase of said fund." The provisions of that statute were substantially re-enacted in section 1083 of the Greater New York charter, but by chapter 91 of the Laws of 1898 this section was amended by adding a provision for the increase of the fund by the addition

thereto annually of 5 per centum of all excise moneys or license fees belonging to or received by the city of New York. By chapter 466 of the Laws of 1901 former section 1083 became section 1092 of the Greater New York charter, and the funds provided for the retirement of public school teachers in the city of New York and Brooklyn, as they formerly existed, were apparently therein consolidated, but the provision with reference to the making up of the pension fund remains the same. The conditions prescribed by the legislature in these various statutes for the retirement of teachers upon half pay are not less than 30 years' service as a teacher in the public schools, and either advanced age or actual mental or physical incapacity to discharge the duties of the position. Such pension laws, so called, are now quite common, both in state and federal legislation. These annuities, after the expiration of the period of active service, are not gratuities, but are in the nature of compensation for the services previously rendered, for which full and adequate compensation was not received at the time of the rendition of the services; in other words, it is, in effect, pay withheld to induce long continued and faithful service. Such statutes are designed to benefit the public service in two ways: First, by encouraging competent and faithful employés to remain in the service, and refrain from embarking in other vocations; and, second, by retiring from the public service those who, by devoting their best energies for a long period of years to the performance of duties in a public office or employment, have by reason thereof, or of advanced age, become incapacitated from performing the duties as well as they might be performed by others more youthful, or in greater physical or mental vigor. Provision is thus made for the partial support of such teachers when their retirement without such provision was deemed inequitable, and, but for such provision, doubtless would not be enforced. These and other considerations will sustain such legislation from successful attack where the legislature has limited the application of the law to those who are in the public service or employ at the time of its enactment. As to those, however, who have passed out of the public service at a time when no such obligation had been assumed toward them, retroactive legislation of this character becomes obnoxious to the constitution. In such case the annuity becomes a mere gratuity, the giving of which is prohibited by section 10 of article 8 of the constitution. In re Jensen, 44 App. Div. 509, 60 N. Y. Supp. 933; In re Chapman, 57 App. Div. 583, 68 N. Y. Supp. 1135, affirmed in 168 N. Y. 80, 61 N. E. 108. It is evident that the fund mainly consists of public moneys of the city of New York. Trustees v. Roome, 93 N. Y. 313, 45 Am. Rep. 217; Fox v. Society, 165 N. Y. 517, 59 N. E. 353, 51 L. R. A. 681, 80 Am. St. Rep. 767. It does not appear that there has been any gift, donation, bequest, or legacy by which the fund has been increased, and no question is presented as to the authority to appropriate moneys given or bequeathed for the benefit of teachers who have previously severed their connection with the public schools.

These views lead to the conclusion that the special act in question, so far as it relates to the respondent, is unconstitutional and

void.   The order is therefore reversed, and the proceeding dismissed, but without costs.

PATTERSON and O'BRIEN, JJ., concur.

VAN BRUNT, P. J.  I concur, except as to costs.  I see no reason why costs should not be allowed.