## HAMMITT v. GAYNOR et al.

(Supreme Court, Special Term, New York County. March 14, 1913.)

1. CONSTITUTIONAL LAW (§ 278*)—PENSIONS (§ 1*)—RIGHT TO GRANT.

The authority to grant pensions to public employés who have become incapacitated after long service is a power incidental to government, and hence the use of a public revenue to pay pensions is not a taking of the property of the taxpayers without due process of law; the matter being one for legislative control.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 763, 765, 767–770, 772–777, 779–806, 808–810, 816–824, 907–924, 942; Dec. Dig. § 278;* Pensions, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. MUNICIPAL CORPORATIONS (§ 215*)—CITY EMPLOYÉS—"PUBLIC OFFICER."

City employés who were granted pensions are not "public officers" within the purview of Const. art. 3, § 18, prohibiting the increasing of allowances of public officers by local statute; and hence a local statute providing for the pensioning of city employés does not fall within the inhibitions of the Constitution.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 575; Dec. Dig. § 215.*

For other definitions, see Words and Phrases, vol. 6, p. 5805.]

3. MUNICIPAL CORPORATIONS (§ 215*) — CITY EMPLOYÉS — "EXTRA COMPENSATION."

Laws 1911, c. 669, amending Greater New York Charter (Laws 1901, c. 466) §§ 165, 166, and 167, authorizing the board of estimate to recommend the retirement from active service of any employé for a period of 30 years and upwards of the city of New York who shall have become incapacitated, and providing for his retirement and for the granting of a pension, is not in violation of Const. art. 3, § 28, prohibiting the award of extra compensation to a public officer, servant, agent, or contractor, or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

article 8, § 10, declaring that no county or municipality shall give the public money to any person.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 575; Dec. Dig. § 215.*

For other definitions, see Words and Phrases, vol. 3, p. 2624.]

4. MUNICIPAL CORPORATIONS (§ 861*) — USE OF FUNDS — PUBLIC PURPOSE — PENSIONS.

The granting of pensions is a public or city purpose because of the benefit to the public service, through the incentive offered to faithful devotion to duty, and through retirement rather than the retention in service at full pay of servants who have outlived their usefulness.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1819–1823; Dec. Dig. § 861.*]

5. CONSTITUTIONAL LAW (§ 70*)—POWER OF JUDICIARY.

That the provisions of a statute within the power of the Legislature to enact may be improvidently administered affords no ground for judicial interference.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–132, 137; Dec. Dig. § 70.*]

Action by one Hammitt against one Gaynor and others. Complaint dismissed.

See, also, 144 N. Y. Supp. 127.

Albert De Roode, of New York City, for plaintiff.
A. R. Watson, of New York City, for defendants.

BISCHOFF, J. The plaintiff, a taxpayer, seeks to restrain the payment of pensions to municipal employés upon the ground that the statute (chapter 669 of the Laws of 1911), authorizing the payment, is unconstitutional. The statute provides:

"Sec. 165. Any member of the board of estimate and apportionment is hereby authorized, whenever in his judgment it shall be to the interest of the public service, to recommend to said board the retirement from active service of any officer, clerk or employé who shall have been in the employ of the city of New York, or of any of the municipalities, counties or parts thereof which have been incorporated into the city of New York, for a period of thirty years and upwards, and who shall have become physically or mentally incapacitated for the further performance of the duties of his position. * * *"

Section 166 authorizes the retirement of the person thus recommended, after a hearing, upon notice to him; and section 167 further authorizes the board to grant to the person so retired a pension not exceeding one-half of his actual average salary or compensation for the three years immediately prior to his retirement; such pension to be payable out of the excise moneys of the city of New York. It appears that the persons to whom the pensions now attacked were granted had been in the city's employ for upwards of 30 years at the time when the statute in question took effect, and were retired under its provisions shortly thereafter.

[1] The contention of the plaintiff is that pensions so authorized and granted represent the award of extra compensation to "a public officer, servant, agent or contractor" within the meaning of the prohibition of

article 3, § 28, of the state Constitution, or are repugnant to article 3, § 18, as an attempted "increasing * * * of allowances of public officers" by a local statute, or should be viewed as violating the inhibition of article 8, § 10, that:

"No county, city, town or village shall hereafter give any money or property or loan its money or credit to or in aid of any individual * * *, nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes."

It is also claimed for the plaintiff that the payment of these pensions would involve the taking of the taxpayer's property without due process of law contrary to the provisions of the federal and state Constitutions. The authority to grant pensions to public employés who shall have become incapacitated after long service is upheld as a power incident to government itself. As such, this power is declared to reside in Congress, although not expressly conferred by the federal Constitution (United States v. Hall, 98 U. S. 343, 346, 25 L. Ed. 180), and is unquestionably open to exercise by the state, through the Legislature, as an attribute of sovereignty, unless prohibited by the state Constitution (People v. Draper, 15 N. Y. 532, 543). Thus, as a general proposition, the devotion of public revenues to the payment of pensions is not a taking of the property of taxpayers without due process of law, for the subject is in its character within legislative control, and the question narrows itself to the effect of the particular constitutional restrictions upon the power of the Legislature, to which I have referred above, in their relation to this statute.

[2] So far as any point is made with respect to the restriction upon the increase of allowance to public officers (Const. art. 3, § 18), it is apparent that this provision of the Constitution has no application to the statute now considered or to the payment of the pensions sought to be enjoined. The persons affected are city employés, who are not of the class of public officers. See Padden v. City of N. Y., 45 Misc. Rep. 517, 92 N. Y. Supp. 926; People ex rel. Collins v. McAneny, 144 N. Y. Supp. 121.

[3] The actual question of the validity of this statute depends upon whether the pensions authorized by its terms are in the nature of increased compensation to public servants (Const. art. 3, § 28), or involved a "gift" of the city's moneys (Const. art. 8, § 10). For the purposes of the inquiry these two provisions may well be treated together, since they actually involve the same dates. The phrase "extra compensation to a public servant," as used in the Constitution, evidently refers to an additional payment for services performed. Truesdale v. Rochester, 33 Hun, 574. It cannot well refer to a promise of compensation for future service, since the amount of that compensation is within the power of the Legislature to fix. The rendering of services by persons of the class affected by the statute now examined is voluntary on their part, and they are under contract of service for no fixed time; hence any promise of reward in addition to a daily, monthly, or yearly compensation which looks to the future and depends upon the continued performance of service after the promise is made enters into the consideration for services to be rendered and is not "extra compensation," nor is it a "gift." This element of a prospective benefit to

the employé for future services is in no sense lacking from the statute in question. The future period may be short, depending upon the postponement of the employé's condition of incapacity, or, in many cases, of his attaining to the full period of service under the act; but the relation of the compensation to the value of the future services is a matter of legislative discretion. Under this statute employés "who shall have been" in the employment for a certain period may receive pensions upon "retirement from active service." The retirement is necessarily to be at some time after the passage of the act, and applies only to persons who until retired shall remain in "active service," from which by virtue of the statute they are to be retired. Thus the statute makes the promise, not of "extra compensation," but of a prospective reward under certain conditions to an employé who remains in service for some period thereafter, which, as I have noted, may be short, but none the less involves futurity of performance sufficient to take from the pension, when awarded, the character of a gift or extra compensation, and to bestow upon it the quality of compensation for services; the quantum being within the unrestricted power of the Legislature.

The case of State v. Love, 89 Neb. 149, 131 N. W. 196, 34 L. R. A. (N. S.) 607, Ann. Cas. 1912C, 542, is directly in point upon this subject, and a similar distinction between pensions granted to employés who have left the service and those who are in service until retired is drawn in Mahon v. Board of Education, 68 App. Div. 154, 157, 74 N. Y. Supp. 172; Id. 171 N. Y. 263, 63 N. E. 1107, 89 Am. St. Rep. 810. In State v. Ziegenhein, 144 Mo. 283, 45 S. W. 1099, 66 Am. St. Rep. 420, cited for the plaintiff, the determination of the court proceeded upon a construction of a particular statute, which by the words employed limited the right to a pension to persons who should serve for a fixed time after the act took effect, and affords no authority upon the meaning of the statute before me; nor does that case serve as a guide upon the question of legislative power now presented, since it is opposed to the views expressed in the Mahon Case, above cited. See Dillon on Mun. Corp. (5th Ed.) § 430.

[4] In its relation to the betterment of the public service, through the incentive offered to faithful devotion to duty, and through the retirement rather than the retention in service at full pay of those servants who have outlived their usefulness, the purpose of granting pensions is "a public purpose," and, as affecting a municipality, "a city purpose," within the definition of these terms as judicially adopted. Dillon, Mun. Corp. (5th Ed.) § 430; Weismer v. Douglas, 64 N. Y. 91, 99, 21 Am. Rep. 586; Sun Pub. Co. v. Mayor, 152 N. Y. 257, 264, 46 N. E. 499, 37 L. R. A. 788.

[5] That the provisions of a statute within the power of the Legislature to enact may possibly be improvidently administered affords no warrant for the court's interference upon the ground of unconstitutionality (People ex rel. Nechamcus v. Warden, etc., 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718), and for the reasons above set forth I find that this statute violates no restriction of the organic law.

There should be judgment for the defendants for the dismissal of the complaint, with costs.