In the Matter of the Application of DAVID WRIGHT, Respondent, for an Order of Mandamus against CHARLES L. CRAIG, as Comptroller of the City of New York, Appellant.

First Department, July 14, 1922.

Civil service — pensions — Civil War veteran employed by Bronx Parkway Commission entitled to receive pension from city of New York under Civil Service Law, § 21-a — payment of said pension does not violate State Constitution, art. 8, § 10, prohibiting appropriation of public money to pay gratuities — Bronx Parkway Commission is State board but limited in scope to New York city and Westchester county, and petitioner's salary was paid by those two municipalities.

The petitioner, a Civil War veteran, was employed for ten years prior to November, 1921, in the State civil service, first as a clerk in the State Fire Marshal's office, and during the latter part of his service as an employee of the Bronx Parkway Commission. As an employee of the Bronx Parkway Commission, his salary was paid by the county of Westchester and the city of New York. In November, 1921, he applied to the Bronx Parkway Commission, a State board limited to New York city and Westchester county, under section 21-a of the Civil Service Law, which was enacted while he was in the State service, for retirement on a pension at the rate of one-half of the salary paid him during the last year of his

employment, and his application was granted by the Commission, but the comptroller of the city of New York refused to pay the pension on the ground that to do so would be to appropriate public moneys for the payment of a gratuity in violation of section 10 of article 8 of the State Constitution.

*Held,* that payment of the pension will not constitute a gratuity, and that the petitioner is entitled to a peremptory order directing payment by the city comptroller.

APPEAL by the defendant, Charles L. Craig, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of June, 1922, granting an alternative mandamus order directing the appellant to pay the pension of the petitioner, a Civil War veteran, or show cause why it should not be so paid.

*John P. O'Brien, Corporation Counsel [William E. C. Mayer* of counsel], for the appellant.

*Henderson, Ely & Aldcroftt [Moses Ely* of counsel], for the respondent.

GREENBAUM, J.:

The facts are conceded by both parties, who desire a determination as an issue of law. David Wright is a veteran of the Civil War and is over seventy years of age; he has been employed continuously for the past ten years in the civil service of the State of New York, the first three and one-half years thereof as a clerk in the office of the State Fire Marshal, and the later part of his term of service with the Bronx Parkway Commission. All of the relator's services constituted a State employment. The portion thereof performed for the State Fire Marshal's office was directly rendered to the State, which presumably paid him for his services. The services performed for the Bronx Parkway Commission were paid for through the comptroller of the city of New York, pursuant to the statute which created the Commission and which is hereinafter briefly outlined.

In November, 1921, relator applied to the Bronx Parkway Commission for retirement on a pension at the rate of one-half of the salary paid to him during the last year of his employment. His pension would amount to $888 per annum, payable at the rate of $74 per month.

The Bronx Parkway Commission acted favorably upon his application, and it has included his name on the payrolls as a pensioner since November 30, 1921. The comptroller has refused to pay this pension on the broad ground that its payment would violate article 8, section 10, of the State Constitution, which forbids the appropriation of public moneys as gratuities.

The Bronx Parkway Commission was created by chapter 594 of the Laws of 1907 as " a body politic with power to sue and be sued, to use a common seal, to adopt by-laws, to regulate its own proceedings, to make suitable rules and regulations for the proper exercise of the powers and duties hereby conferred and imposed upon it." (§ 5. See, also, Laws of 1922, chap. 604, amdg. said § 5.) The act provides that the amounts necessary to pay the expenses of the Commission, including the salaries of its employees, are to be secured by taxation, one-quarter thereof by the county of Westchester and three-quarters thereof by the city of New York, to be paid over to the comptroller of the city of New York, when collected, and placed by him to the credit of the Commission, and paid over to it by him upon its requisition. (§ 18. See, also, Laws of 1922, chap. 604, amdg. said § 18.)

The Bronx Parkway Commission as such has the control and management of the " Bronx River Reserve and Parkway," which is declared by the act to be a " public parkway for public use " (§ 1), and the three members of the Commission are appointed by the Governor. (See §§ 2, 3.) It is not a board or body of the city of New York, but is a distinct and separate body corporate which acts as the agent of the State in the management, control and regulation of the Bronx River Reserve and Parkway. In that respect it is like the Transit Commission (*Matter of McAneny* v. *Board of Estimate, etc.,* 232 N. Y. 377, 390) and the board of education of the city of New York, which the Court of Appeals (*Matter of Hirshfield* v. *Cook,* 227 N. Y. 297, 301) has declared to be one of the " branches of the State government charged by the State with the administration of its educational system."

The relator rests his claim upon section 21-a of the Civil Service Law, which was enacted by the Laws of 1916, chapter 438, and amended by Laws of 1921, chapter 54. It reads as follows: '

" § 21-a. Retiring veterans of the late Civil War and granting them pensions. Every soldier, sailor or marine of the army or navy of the United States in the late Civil War honorably discharged from service who shall have been employed for a continuous period of ten years or more in the civil service of the State of New York and the several cities and counties thereof and who shall have reached the age of seventy years upon his own request, or if employed in manual labor upon being incapacitated for performing manual labor, shall be retired from his employment by the State of New York and the several cities and counties thereof, and thereafter and during his life the State department or institution and the several cities and counties which employed him at the time of his retirement shall pay to him, in the same

manner that the salary or wages of his former position were customarily paid to him, an annual sum equal in amount to one-half the salary or wages paid to him in the last year of his employment."

Appellant insists that the payment to the petitioner of a pension out of moneys raised by taxation in the city of New York would be a mere gratuity, violative of article 8, section 10, of the Constitution which provides: " No county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation, or become directly or indirectly the owner of stock in, or bonds of, any association or corporation; nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes."

It is contended in behalf of the city that " there is no moral, and certainly no legal obligation on the part of the City of New York to provide city funds by taxation to pay pensions to persons who were never in its service, because as to such persons the grant of a pension is a mere gratuity." In support of its argument, our attention is called to *Matter of Mahon* v. *Board of Education* (171 N. Y. 263, 267). The following excerpt from the opinion in that case, which is relied upon by the appellant, seems to us to be a complete answer to the city's contention: " The question of establishing a system of pensions is one of policy, not of obligation. The Legislature might well think that in a large city where teaching is adopted as a calling to be pursued for years, and often for life, it would be wise to provide a system of pensions as an inducement both to service at low wages and also to good conduct in service. But these considerations have no application to the case of officers or employees who are not in service at the time the pension system is established or in force. As to such persons the grant of a pension is a mere gratuity."

The appellant apparently relies upon the two concluding paragraphs of the quoted opinion, claiming that, when the petitioner entered the service of the State Fire Marshal and of the Bronx Parkway Commission in the years 1911 and 1915, respectively, section 21-a of the Civil Service Law was not in effect.

The opinion, however, distinctly recognizes that the statute would be applicable to the petitioner, who was in service at the time the pension system was established and in force.

It may also be pertinent here to refer to the case of *Hammitt* v. *Gaynor* (144 N. Y. Supp. 123), which was an opinion of the late Mr. Justice BISCHOFF, who died before findings had been made by him in conformity with his opinion, necessitating a retrial of the action. Upon the retrial the Special Term trial justice wrote

an opinion in which it indorsed the conclusion reached by Mr. Justice BISCHOFF with respect to the question of the constitutionality of the New York City Pension Act (Laws of 1911, chap. 669, amdg. Greater New York Charter [Laws of 1901, chap. 466], §§ 165–167, as added by Laws of 1905, chap. 583), which has been since amended. (82 Misc. Rep. 196, 197; affd., 165 App. Div. 909.) That was an action by a taxpayer to restrain the payment of pensions to municipal employees on the ground that the statute was unconstitutional, being violative of the provisions of article 8, section 10, of the State Constitution. The learned justice stated in his opinion: " The actual question of the validity of this statute depends upon whether the pensions authorized by its terms are in the nature of increased compensation to public servants (Const. art. 3, § 28), or involved a ' gift ' of the city's moneys (Const. art. 8, § 10). * * * The rendering of services by persons of the class affected by the statute now examined is voluntary on their part, and they are under contract of service for no fixed time; hence any promise of reward in addition to a daily, monthly or yearly compensation which looks to the future and depends upon the continued performance of service after the promise is made, enters into the consideration for services to be rendered and is not ' extra compensation,' nor is it a ' gift.' This element of a prospective benefit to the employee for future services is in no sense lacking from the statute in question. The future period may be short, depending upon the postponement of the employee's condition of incapacity, or, in many cases, of his attaining to the full period of service under the act; but the relation of the compensation to the value of the future services is a matter of legislative discretion. Under this statute, employees ' who shall have been ' in the employment for a certain period may receive pensions upon ' retirement from active service.' The retirement is necessarily to be at some time after the passage of the act, and applies only to persons who until retired shall remain in ' active service,' from which by virtue of the statute they are to be retired. Thus the statute makes the promise, not of ' extra compensation,' but of a prospective reward under certain conditions to an employee who remains in service for some period thereafter, which, as I have noted, may be short, but none the less involves futurity of performance sufficient to take from the pension, when awarded, the character of a gift or extra compensation, and to bestow upon it the quality of compensation for services; the quantum being within the unrestricted power of the Legislature. The case of *State* v. *Love,* 89 Neb. 149; 131 N. W. 196; 34 L. R. A. [N. S.] 607; Ann. Cas. 1912C, 542, is directly in point upon this subject, and a similar distinction between pensions granted to employees

who have left the service and those who are in service until retired is drawn in *Matter of Mahon* v. *Board of Education,* 68 App. Div. 154, 157; 74 N. Y. Supp. 172; Id. 171 N. Y. 263; 63 N. E. 1107; 89 Am. St. Rep. 810.   In *State* v. *Ziegenhein,* 144 Mo. 283; 45 S. W. 1099; 66 Am. St. Rep. 420, cited for the plaintiff, the determination of the court proceeded upon a construction of a particular statute, which by the words employed limited the right to a pension to persons who should serve for a fixed time after the act took effect, and affords no authority upon the meaning of the statute before me; nor does that case serve as a guide upon the question of legislative power now presented, since it is opposed to the views expressed in the *Mahon* case, above cited.   See Dillon on Mun. Corp. (5th Ed.) § 430.   In its relation to the betterment of the public service, through the incentive offered to faithful devotion to duty, and through the retirement rather than the retention in service at full pay of those servants who have outlived their usefulness, the purpose of granting pensions is ' a public purpose,' and, as affecting a municipality, ' a city purpose,' within the definition of these terms as judicially adopted.   [Dillon, Mun. Corp. (5th Ed.) § 430; *Weismer* v. *Village of Douglas,* 64 N. Y. 91, 99; 21 Am. Rep. 586; *Sun Pub. Assn.* v. *Mayor,* 152 N. Y. 257, 264; 46 N. E. 499; 37 L. R. A. 788.] "

It may also be observed that although the Bronx Parkway Commission is a State board, it nevertheless is limited in its scope to special localities, *i. e.*, Westchester county and the city of New York, in part, which are directly benefited by the improvement of the parkway.

We are of opinion that upon the undisputed facts the petitioner was entitled to a peremptory mandamus order.

The order appealed from should be modified so as to provide for the granting of a peremptory mandamus order, instead of an alternative one, and as thus modified should be affirmed, with ten dollars costs and disbursements to the respondent.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order modified as directed in opinion and as modified affirmed, with ten dollars costs and disbursements to the respondent.   Settle order on notice.