In the Matter of the Application of JAMES W. HEFFERNAN, Petitioner, Appellant, Respondent, for an Order Pursuant to Article 78 of the Civil Practice Act, against JOSEPH D. MCGOLDRICK and Others, as Members of the Board of Trustees of the New York Fire Department Pension Fund, Defendants, Respondents, Appellants, and JOHN J. MCELLIGOTT, Trustee of the New York Fire Department Relief Fund, Defendant.

First Department, May 31, 1940.

*Gabriel L. Kaplan* of counsel [*Gabriel L. Kaplan* and *Sidney A. Fine*, attorneys; *Elliot B. Paley* with them on the brief], for the petitioner, appellant, respondent.

*Robert H. Schaffer* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the defendants, respondents, appellants.

CALLAHAN, J. The record discloses that petitioner joined the fire department in 1900 and that he has served in that department since that date as a member and as an officer until he became deputy chief of department, in which capacity he was serving in February, 1940, when he was retired on his own application. His salary on retirement was $7,500 a year. The pension allowed him was $5,000 a year. This pension was granted pursuant to the provisions of subdivision b of section B19-5.0 of the Administrative Code of the City of New York, which provides, in part, as follows: " Any officer or member * * * who has or shall have performed duty therein for a period of twenty years or upwards, upon his own application in writing, * * * shall be retired * * * and placed on the roll of the relief or pension fund, and awarded and granted, to 'be paid from such fund, an annual pension during his lifetime, of a sum not less than one-half the full salary or compensation of such member so retired. * * * "

Under the law effective at the time of petitioner's retirement (February, 1940), the power to retire officers and members of the fire department, and to fix their pension, was vested in the fire commissioner, who was also designated as trustee of the pension fund. John J. McElligott, the duly appointed fire commissioner, granted petitioner's application to retire and fixed the amount of pension granted to him.

The defendants, appellants, have refused to recognize the retirement or pay the pension, alleging, in substance, that the act of the commissioner, although not claimed to be fraudulent or in bad faith, was in violation of the commissioner's duty as trustee of the pension fund, in so far as he awarded a larger pension than one-half the salary being paid to petitioner. The only facts alleged in said defendants' answer to show such breach of duty are, in substance, the following: (1) That in no prior case during the present commissioner's term of office has he awarded larger pensions than one-half salary, except in cases of those suffering disability from injuries received in the performance of duty; (2) that the local legislative body of the city of New York had enacted laws which would have

gone into effect in a short time after the present action was taken, and would have transferred the power of retirement from the commissioner to a board of trustees; (3) that the commissioner had discussed with petitioner, and others, the possible effect of the new laws on pension rights of firemen; (4) that the mayor had requested that no disability retirement (which differs from the present retirement) be granted at more than half pay, and (5) that at the time of the retirement of petitioner, the commissioner also attempted to retire himself, and retired four other officers and members of the department, who had seen long service therein, at more than half pay. The answer also sets forth, and makes part thereof, certain testimony taken before the commissioner of investigation concerning the circumstances leading up to the submission of petitioner's application to retire, and the acceptance thereof by the fire commissioner. The only thing of substance disclosed by this testimony is that there had been discussion between the commissioner and some of the group of men retired, of which Heffernan was one, concerning the possible effect of the new pension laws on their rights, and that the commissioner decided that he was not going to stay in the department if certain proposed laws were adopted, and that he had so advised the men in the group, all of whom were closely associated with him, and had further told them that he would act on their applications for retirement, if they were submitted.

Upon this answer, supplemented by an affidavit showing the financial condition of the pension fund and giving a list of retirement allowances in other cases, Special Term made the alternative order appealed from, which would have submitted the question of the propriety of the retirement order to a Trial Term of the Supreme Court. We deem this order was improperly granted, and that there was no question of fact for determination by the court, and no triable issue raised by the answer.

The power to retire and to fix the amount of pension at a sum not less than one-half the salary of the member retired was placed with the fire commissioner by law. It was his discretion that was to be exercised in fixing the amount and not that of any other administrative officer. The discretion of the commissioner is not reviewable by the courts. (*Matter of Sheridan* v. *McElligott*, 278 N. Y. 59; *People ex rel. Bliel* v. *Martin*, 131 id. 196.)

In the *Bliel* case (*supra*), in pointing out the nature of the discretion vested in an administrative board under a similar pension statute, the court said (at p. 199): " That discretion is not reviewable by any judicial tribunal. It may be wisely or unwisely, justly or unjustly exercised. It is vested in the board and they

must exercise it, and there is no authority elsewhere to review their determination."

It is plain, therefore, that the Supreme Court may not try the issue of the "propriety" of the commissioner's act. If facts had been alleged showing that the commissioner, in fixing the pension of a member, did so not in the exercise of his discretion, but in bad faith, or in fraud of the rights of the city, or of other beneficiaries of the pension fund, the issues as to whether such unlawful acts took place would have been the proper subject of trial by the court. No such claim is asserted here. The gist of the present defense is that the duty cast on the commissioner, as trustee, was not properly exercised in this case. In effect, the answer says that one acting as a trustee should have exercised his discretion differently. This defense is based on the assumption that the fire commissioner, in acting on an application to retire, was performing the functions of a trustee rather than an administrative act in his capacity of fire commissioner. Even if this assumption be correct, there is no fact alleged showing failure to properly fulfill a fiduciary obligation. That a commissioner who was a trustee might discuss with men who, concededly, had rendered long, arduous and honorable service to the community, the effect of new laws on their pension rights, does not show a breach of trust. No claim is made that the amount to be granted to petitioner, or the others who received in excess of one-half of their salary, was ever the subject of discussion or agreement. Though the present commissioner may not have granted a larger pension than one-half salary to any fireman, except in case of those retired for physical disability sustained in the course of duty, such fact, even if it does show a departure from precedent, does not establish any violation of an obligation cast in law on the commissioner. The law says that the commissioner may fix the pension at not less than one-half of the salary being paid. This law merely imposes a minimum of one-half, not a maximum. In fact, it appears from the record that in prior administrations there were a large number of firemen who received pensions in excess of one-half pay. At least in one instance a number of these men were retired in a group. The parties concede that such pensions have been paid for many years, even while the present fire commissioner was acting as trustee of the pension fund. The lawful nature of an order fixing a greater pension allowance than half pay cannot be disputed. To say that someone else thinks that a trustee should have acted differently is not enough. That is all that appears to be pleaded in the answer and affidavit. Such a plea raises no triable issue of fact. (See Civ. Prac. Act, § 1295.) The petitioner was entitled to the final order sought.

The order appealed from should be reversed, with twenty dollars costs and disbursements to the petitioner against the respondents-appellants, and petitioner's application for a final order granted.

MARTIN, P. J., O'MALLEY, GLENNON and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements to the petitioner against the respondents-appellants, and petitioner's application for a final order granted. Settle order on notice.