In the Matter of WILLIAM M. KENT, Petitioner, against LEWIS J. VALENTINE et al., Constituting the Board of Trustees of the Pension Fund of the Police Department of the City of New York, Respondents.

Supreme Court, Special Term, New York County, November 20, 1944.

*Sydney Rosenthal* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Cyrus C. Perry* of counsel), for respondents.

SHIENTAG, J. This is an application by the petitioner, William M. Kent, pursuant to article 78 of the Civil Practice Act for an order, which was formerly known as a mandamus, to compel the Board of Trustees of the Police Pension Fund to award him a pension of $6,000 instead of $4,500 a year. The action of the Board of Trustees was unanimous.*

. In 1920 the petitioner was appointed a patrolman on the police force of the City of New York. He was promoted successively to the ranks of sergeant, lieutenant and captain. In 1937 petitioner, as captain, was designated by the present Police Commissioner to the position of deputy inspector at a salary of $5,500. Thereafter, on February 14, 1944, he was appointed to the position of sixth deputy police commissioner at a salary of $6,000 per annum.

---

* The Board of Trustees consists of twelve members: the Police Commissioner, the Comptroller, a representative of the Mayor, the City Treasurer, the President, First and Second Vice-Presidents and Chairman of the Board of the Patrolmen's Benevolent Association, the Presidents of the Captains' Endowment Association, the Lieutenants' Benevolent Association, the Sergeants' Benevolent Association and the Detectives' Endowment Association. (Administrative Code of City of New York, § B18-2.0; L. 1937, ch. 929.)

About two months later, on April 17, 1944, petitioner, as he had the right to do under the law, applied for retirement. In practical effect, the application was really one to have the amount of the petitioner's pension fixed. It did not mean his severance from the Police Department as deputy police commissioner. He could continue thereafter to serve indefinitely as deputy commissioner, but so long as he did so, the payment of the pension as awarded by the Board of Trustees of the Police Pension Fund would be suspended.

The Board of Trustees acceded to the petitioner's request, retired him as of April 30, 1944, and granted him a pension of $4,500 a year, that being one half of the present salary of a chief inspector in the Police Department, and three fourths of petitioner's full salary as deputy police commissioner. He thereafter requested a reconsideration by the Board of Trustees of its award to him and asked that he be allowed a pension of $6,000 a year, on the ground that under the law it was obligatory upon the Board to give him the same pension as they had been giving retiring chief inspectors of the Department.

On June 14, 1944, the Board of Trustees unanimously voted that petitioner's request be placed on file. That action the Police Commissioner, who is chairman of the Board, states constituted a denial of the request, under the rules and practice of the Board of Trustees. Thereafter and within the time allowed by law, petitioner, as was his legal right, applied to this court for appropriate relief.

His point is that as a matter of law he is entitled to a pension of $6,000 a year and that the Board of Trustees acted without warrant of law in awarding him a lesser amount. He contends that his pension rights are governed completely by subdivision f of section B18–4.0 of the Administrative Code of the City of New York (L. 1937, ch. 929, as repealed and re-enacted by Local Laws, 1940, No. 2, of City of New York), which provides as follows: " Any member who shall have performed duty on the force for a period of twenty years, and who subsequently shall serve as police commissioner or deputy police commissioner, shall be retired and placed upon the pension roll of such pension fund and granted the pension allowed to a chief inspector in such department." (Prior to 1940 there was a requirement of at least six months' service as police commissioner or deputy police commissioner.)

The petitioner shows that since 1928 and as recently as 1942, each chief inspector, upon retirement, was allowed an annual pension of $6,000. He maintains that subdivision f, above set forth, by its very language leaves no room for the exercise of

discretion but is a mandate on the Board of Trustees to allow him a pension similar in amount to that which has been " allowed " to chief inspectors for many years past.

The respondents contend that subdivision f must be read together with the prior subdivision c of the same section of the Administrative Code of the City of New York. There is no special provision applicable to pensions of chief inspectors. Their pension rights are governed by subdivision c of section B18–4.0 of the Administrative Code of the City of New York, which provides in substance that any member of the police force, eligible for retirement, shall be paid from the police pension fund an annual pension of " not less than one-half his full salary at the date of his retirement ". The current salary of a chief inspector is $9,000. Upon retirement he is entitled under the law to not less than $4,500. The Board of Trustees, in the exercise of its discretion, has been allowing a chief inspector a pension of $6,000. The additional amount, however, is not frozen into the law; it is solely within the discretion of the Board. (*Matter of Heffernan* v. *McGoldrick*, 259 App. Div. 671; *Matter of Sheridan* v. *McElligott*, 278 N. Y. 59; *People ex rel. Bliel* v. *Martin et al.*, 131 N. Y. 196.) All that petitioner is entitled to as a matter of law, the Board contends, is one half of the salary of a chief inspector, namely $4,500. In effect, the Board has said to the petitioner: " We do not wish to exercise our discretion to award you a larger sum."

The petitioner's papers do not charge that there was any abuse of discretion by the Board, although I shall take that matter up later; they merely allege that the Board had no discretion at all; that it was mandatory for it to allow the petitioner an annual pension of $6,000, the same amount which in its discretion it had been allowing to chief inspectors.

I am of the opinion that subdivisions c and f of the pertinent section of the Administrative Code of the City of New York must be read together. It could hardly have been the intention of the Legislature to deny to the Board of Trustees of the Pension Fund, in dealing with the pension of a deputy police commissioner, the discretion which it expressly conferred upon the Board in dealing with the pension of a chief inspector. To follow the petitioner's contention to its logical conclusion would be to discourage, if not entirely to preclude, the appointment of men of the uniformed ranks, lower than chief inspector, to the important positions of police commissioner or deputy police commissioner. A lieutenant or a captain or a deputy inspector might be appointed a deputy commissioner; he then would be entitled, if petitioner's contention is sound, as a matter

of law to an annual pension of $6,000 for life and he could immediately resign as deputy commissioner. A construction of the statute that would permit of such result should be avoided save under the unyielding power of compulsion.

Let it not be understood, however, that the discretion of the Board of Trustees of the Pension Fund is an unbridled one. It is a discretion to be exercised lawfully. The Board cannot give more to one and less to another at its sole pleasure. Arbitrary action, under the guise of a conferred discretion, is unlawful action. The discretion is one for the exercise of which there must be some substantial basis. This is particularly true in the administration of a public pension fund, where uniformity, equality, certainty and security are so essential if departmental efficiency and morale are to be maintained.

The Legislature has seen fit to vest a certain amount of discretion in the administrators of the police pension fund. That discretion applies, above the minimum fixed by law, to the pension of a deputy commissioner as it does to the pension of a chief inspector. That discretion has not been arbitrarily exercised in this case. There was a valid, substantial ground for the Board's distinction, in the petitioner's case, on the basis of length of service in the department, rank and salary before promotion, and position and salary at or about the time of retirement. In the entire history of the department, the respondents point out, '' no Commissioner or Deputy Commissioner has ever been retired on a pension equal to his full salary.'' The petitioner may be the victim of disappointed expectations, but there has been no invasion of his legal rights.

The application is denied. Settle order.