(82 Misc. Rep. 196.)

### HAMMITT v. GAYNOR et al.

(Supreme Court, Special Term, New York County. September, 1913.)

1. STATUTES (§ 94*)—GENERAL AND SPECIAL LAWS—HOME RULE LAW.

The Home Rule Law (Laws 1913, c. 247) is not unconstitutional on the ground that, though in form a general law, it is in fact a special law applicable only to the city of New York, and a mere device or subterfuge to circumvent the operation of Const. art. 12, § 2, which forbids the passage of any special law except after submission to the city affected for approval.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 103, 104; Dec. Dig. § 94.*]

2. MUNICIPAL CORPORATIONS (§ 215*) — OFFICERS — PENSIONS — VALIDITY OF STATUTE.

The Pension Act (Laws 1911, c. 669), empowering the board of estimate and apportionment of the city of New York to retire officers, clerks, and employés from active service under certain conditions and granting life pensions payable out of the excise moneys of the city, is constitutional.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 575; Dec. Dig. § 215.*]

3. MUNICIPAL CORPORATIONS (§ 215*)—OFFICERS—PENSIONS.

The Pension Act (Laws 1911, c. 669), which confers upon the board of estimate and apportionment of the city of New York the power to retire officers, clerks, and employés under certain conditions, and grants them a life pension, was not superseded by the Home Rule Law (Laws 1913, c. 247).

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 575; Dec. Dig. § 215.*]

Action by Joseph O. Hammitt against William J. Gaynor and others. Complaint dismissed.

See, also, 144 N. Y. Supp. 123.

Albert De Roode, of New York City, for plaintiff.

Archibald R. Watson, Corp. Counsel, of New York City, for defendants.

Lawrence Arnold Tanzer, of New York City, for Municipal Government Association.

GREENBAUM, J. The plaintiff, a taxpayer, brings this action to enjoin the payment of pensions to employés of the municipality of the city of New York upon the ground that chapter 669 of the Laws of 1911 is unconstitutional legislation. This action was originally tried before the late Mr. Justice BISCHOFF, who wrote an opinion reported in 144 N. Y. Supp. 123, upholding the constitutionality of the act. Before the opportunity was afforded him to sign formal findings the awful catastrophe intervened which deprived the bench of one of its ablest members.

[1] Since the trial before Mr. Justice BISCHOFF the Legislature enacted a law, popularly known as the Home Rule Law, being chapter 247 of Laws of 1913. Upon this retrial of the action the plaintiff, in addition to the views pressed upon the first trial and while maintaining the constitutionality of the Home Rule Law, contends that the effect of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this measure is to supersede the provisions of chapter 669 of the Laws of 1911 (which for the sake of convenience will be referred to as the Pension Act), and in the absence of any local legislation by the municipality, pursuant to the powers conferred upon it by the Home Rule Law, that there is no existing authority for granting new pensions or continuing the payment of those heretofore granted. The defendants, on the other hand, through the learned corporation counsel, maintains: First, that the Home Rule Law is unconstitutional; and, secondly, that, if upheld as constitutional, its provisions do not operate to supersede the Pension Act of 1911. The constitutionality of the Home Rule Law is assailed upon the ground that while ostensibly a general law, applicable to all cities, it is in reality designed for the city of New York, and is therefore special legislation, applicable to said city, requiring its submission to its mayor under section 2 of article 12 of the Constitution. Special attack is made upon the provisions of the act which provide that:

"No sale or lease of city real estate or of any franchise belonging to or under the control of the city shall be made or authorized except by vote of three-fourths of all the members of the common council or corresponding legislative body of the city. * * * A sale of real estate or of a franchise shall not be valid or take effect unless made as aforesaid and subsequently approved by a resolution of the board of estimate and apportionment * * * and also approved by the mayor."

Particular stress is laid upon the time honored law which vested in the board of commissioners of the sinking fund the control of sales and leases of the city's real estate, as evidence of the fact that the home rule measure, although in form a general law, is a mere device or subterfuge to circumvent the operation of section 2 of article 12 of the Constitution. There is no internal evidence in the bill itself of any attempt on the part of the Legislature to evade or override the Constitution. As extrinsic evidence of such evasion, much is made of the circumstance that the Legislature on April 30, 1913, asked the advice of the Attorney General whether the objects sought to be obtained by a then pending bill to amend the charter of the city of Oneonta could be accomplished under the provisions of the Home Rule Law, to which he responded in an opinion in the affirmative. The reasoning of the learned corporation counsel is not persuasive. The right of the Legislature to make the local legislatures and municipalities the depositories of such powers of local government as the Legislature may see fit to prescribe, and the exercise of which is not repugnant to any of the provisions of the Constitution, is recognized by the courts and not questioned by the defendants. Clarke v. City of Rochester, 28 N. Y. 605, 634; MacMullen v. City of Middletown, 187 N. Y. 37, 41, 43, 79 N. E. 863, 11 L. R. A. (N. S.) 391; Scott v. Village of Saratoga Springs, 199 N. Y. 178, 92 N. E. 393. A general law which delegates such powers is not to be regarded as a special law, because the extent of its operation and applicability may vary in different municipalities due to local conditions. Koster v. Coyne, 184 N. Y. 494, 77 N. E. 983. It is almost commonplace at this stage of our jurisprudence to reiterate the universally recognized rule of the courts to uphold as constitutional legislative enactments, whenever possible, and not to interfere

with the expression of the legislative will, unless compelled to do so by the higher fundamental law as expressed in the Constitution. Tested by this rule, the court unhesitatingly pronounces the Home Rule Law as constitutional.

[2] It will next be in order to consider the plaintiff's assault upon the Pension Act of 1911 as unconstitutional. This was the contention made before Mr. Justice BISCHOFF. The court is content to abide by the satisfactory and able opinion of the late justice.

[3] This brings us to the remaining point argued in behalf of the plaintiff, to wit, that the Pension Act of 1911 was superseded by the enactment of the Home Rule Law. Chapter 669 of the Laws of 1911 (Pension Act) confers upon the board of estimate and apportionment the power to retire from active service "any officer, clerk or employé who shall have been in the employ of the city of New York or of any of the municipalities, counties or parts thereof, which have been incorporated in the city of New York for a period of thirty years and upwards and who shall have become physically or mentally incapacitated for the further performance of the duties of his position," and to grant to the person so retired a pension not exceeding one-half of his actual average salary or compensation for the three years immediately prior to his retirement; such pension to be payable out of the excise moneys of the city of New York. Chapter 247 of the Laws of 1913 (Home Rule Law) amends chapter 26 of the Laws of 1901, entitled "An act in relation to cities, constituting chapter twenty-one of the Consolidated Laws," by inserting a new article known as "article 2a." Under section 19 a general grant of powers is conferred upon every city. Section 20 enumerates grants of specific powers and contains twenty-three subdivisions, of which subdivision 20 reads as follows:

"20. To provide methods and provide, manage and administer funds for pensions and annuities for and retirement of city officers and employés."

Much refined, subtle, and ingenious argumentation may be indulged in when one attempts to consider the effect to be given to the phraseology of subdivisions 1 and 2 of section 23 of the Home Rule Law, and the learned counsel for the plaintiff has not failed to avail himself of the opportunity afforded him. Subdivision 1 of section 23 contains, inter alia, the following:

"No provision of any special or local law shall operate to defeat or limit in extent the grant of powers contained in this act; and any provision of any special or local law which in any city operates, in terms or in effect, to prevent the exercise or limit the extent of any power granted by this article, shall be superseded."

It is argued that, since the Pension Act of 1911 operates to limit the extent of the broad power to provide pensions conferred under the Home Rule Act, it follows that the former was superseded when the latter became a law. The answer to this argument might be satisfactorily found in the evidently deliberate use of the auxiliary "shall" before the words "be superseded," implying futurity; that is to say, that the special act which may "limit the extent of any power granted by this article *shall* be superseded" when the broader power is exercised. The act does not compel the municipality to exercise its broad

144 N.Y.S.—9

powers of providing pensions. It confers the right to exercise them, and until exercised the limited powers are in full force and effect. It would be preposterous to assume that the Legislature intended forthwith to repeal the limited power of granting pensions given by the act of 1911, when practically unlimited powers to pension are conferred by the home rule measure. If there could be any doubt about this, it is completely resolved by section 22 of the act, which reads:

"The powers granted by this article shall be in addition to and not in substitution for all the powers, rights, privileges and functions existing in any city, pursuant to any other provision of law."

Here we find a clear expression of the legislative intent, that powers granted under the Home Rule Law are in addition to and not in substitution or destruction of existing powers. It is also argued in behalf of plaintiff that subdivision 2 of section 23, providing as it does that "in the absence of any provision of law or ordinance determining by whom or in what manner or subject to what conditions any power granted by this act shall be exercised," refers to the absence of any provision of law existing at the time the law took effect, and hence, since the Pension Act of 1911 contains conditions upon the exercise of power, there is no such absence of provision of law as places the exercise of power under the control of the board of aldermen. This argument is fully met by stating that, when the municipality undertakes to exercise a broad power under the Home Rule Law, the necessary effect of the exercise of such increased power would be to supersede any existing special law which may operate to limit the extent of power. A condition is thus created which is tantamount to a new law in which there is an absence of any provision of law or ordinance determining the method of exercising the power. It would be hardly profitable to attempt a dissection of the somewhat involved verbiage found in subdivisions 1 and 2 of section 23 of the act; but a careful study of it reveals nothing which would indicate an intention of the Legislature to supersede any existing law that may operate to limit the extent of any power therein granted, excepting at the moment when the municipality has undertaken to avail itself of the broader power. It would be a strained interpretation of the Home Rule Law to read into it a provision that it was the intention of the Legislature to create a condition of chaos and a paralysis of existing laws affecting the municipality during the period intervening between the date when the law went into effect and the date when the municipality, by appropriate procedure thereunder, was in a position practically to avail itself of the broad powers conferred upon it.

The complaint must be dismissed upon the merits.