ADAM G. HENN, Plaintiff, *v.* CITY OF MOUNT VERNON, Defendant.

Second Department, July 22, 1921.

**Municipal corporations — claim by municipal employee for excess of salary over compensation while in army — Military Law, § 245, as amended by Laws of 1917, chapter 435, is constitutional — no deduction for clothing and rations.**

Section 245 of the Military Law, as amended by chapter 435 of the Laws of 1917, providing that during the absence of an employee of a municipal corporation in the performance of duty in the Federal military service " he shall receive such part of his salary or compensation as such officer or employee as equals the excess, if any, of such salary or compensation over the compensation paid to him for the performance of such duty," does not violate section 1 of the 14th Amendment of the Federal Constitution, in that it confers an advantage upon a selected class.

Nor does said provision violate section 10 of article 8 of the State Constitution in that it requires the city to make to the employee a gift, and that, too, for something which is not at all a city purpose, nor does it violate section 28 of article 3 of the State Constitution because it requires the city to grant to an employee extra compensation.

If the making of the allowance to the plaintiff herein will be inconsistent with the operation of some of the provisions of the charter of the defendant city then those provisions must be deemed modified or suspended by implication so far as may be necessary to give effect to the said provision of the Military Law.

In determining the amount of excess salary due the plaintiff over the amount of compensation received as a member of the Federal military service he should not be charged with the aggregate value of the rations and clothing which he received from the National government while in its service.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*James H. Cavanaugh,* for the plaintiff.

*Patrick Henry Clune, Deputy Attorney-General [Charles D. Newton, Attorney-General,* with him on the brief], intervenor.

*Jeremiah D. Toomey [Frederick W. Clark, Corporation Counsel,* with him on the brief], for the defendant.

MILLS, J.:

This is a submission upon an agreed statement of facts, the substance of which is the following:

Plaintiff, on or about March 16, 1916, was duly appointed city forester of the city of Mount Vernon, and duly qualified and entered upon the discharge of the duties of the position, which is a civil service one and provided for by the charter of that city. (See Laws of 1892, chap. 182, as amd.) His salary as such was and has since continued to be at the rate of $125 a month. In the summer of 1917 he was drawn in the draft to serve in the National army in the late war, and pursuant to orders reported for such duty at Camp Upton, L. I., on December 5, 1917. He then became a private of the machine gun company of the Three Hundred and Fifth Infantry Regiment of that army. On March 7, 1918, he was promoted to the rank of corporal, and continued to act and serve as such until he was regularly discharged from military service on February 9, 1920. Thereupon he resumed his active duties as city forester, and has continued since to perform them until the present time. While in the military service he did not perform them because of his necessary absence from the city. While in that service he received from the National government as compensation $30 in cash a month while a private, and $36 a month while a corporal, and in addition $4.20 a month for the period while he was over-seas from April 16, 1918, to December 31, 1919; and also rations and clothing of the aggregate value of $414.49. The total amount so received by him in cash was $2,313.56 less than the said salary which he would have received from the city had he continued in the active performance of his duties as forester, or $1,899.06 less than said salary, if the said allowance for rations and clothing are included as a part of his compensation while in the military service. The regular payroll of the city, approved by the head of the department embracing the position of city forester and certified by the civil service commission of the city, included the salary of the plaintiff and was duly presented to the common council of the city for audit and payment; but that body refused to audit or to pay to the plaintiff his salary for the months of his such absence. Plaintiff has since duly presented his claim for said difference of $2,313.56

to the common council for audit and allowance, which, however, it has refused. Plaintiff claims to be entitled to receive said amount from the city pursuant to section 245 of the Military Law (added by Laws of 1911, chap. 103), as amended by chapter 435 of the Laws of 1917, and asks judgment against the city therefor.

The defendant, the city, upon its part contends that the said act, so far as it would make said allowance to the plaintiff, is unconstitutional and void, because it violates section 1 of the 14th Amendment, and also subdivision 1 of section 10 of article 1 of the Federal Constitution; and also section 10 of article 8 of the State Constitution. The defendant also contends that, if the act be upheld as constitutional and valid, the stated value of the rations and clothing should be regarded as a part of the compensation which plaintiff received from the National government within the meaning of that act.

That statute, so far as it affects the present controversy, provides as follows: " During the absence of an officer or employee of the State or of a municipal corporation or of any other political subdivision thereof while engaged in the performance of ordered military or naval duty as a member of the national guard or naval militia, or in the performance of duty in the Federal military, naval or marine service as hereinbefore provided, he shall receive such part of his salary or compensation as such officer or employee as equals the excess, if any, of such salary or compensation over the compensation paid to him for the performance of such duty; but such payment by the State or by a municipal corporation or political subdivision thereof to an officer or employee during such absence shall not be less than twenty-five dollars a month." (Laws of 1917, chap. 435, amdg. Military Law, § 245, subd. 3.) The previous subdivisions provide, in effect, that no such officer or employee, by reason of his absence in such service under enlistment or by draft or conscription, shall " during the period of the present war and for a period of two months thereafter, be deprived either directly or indirectly, by reason of such absence, of any privileges as such officer or employee, or be prejudiced in any way because of such absence with reference to promotion or continuance in office or employment or to reappointment to office or to re-employment." A later

subdivision (5) provides that, at any time while in such service, the city official or employee may, at the request of the mayor and with the consent of the Federal War or Navy Department, be discharged from such service "when the public interests require that he shall perform his duties as such officer or employee." This act of 1917 was but an enlargement of said section 245, as added by chapter 103 of the Laws of 1911, which provided in substance that such officer or employee should be entitled to absent himself from his duties while engaged in the performance of ordered military or naval duty, he being a member of the National Guard or Naval Militia, and that he should not be subjected to any loss or diminution of his salary by reason of such absence.

The brief submitted by the Attorney-General intervening states that in 1916, when the National Guard, or a part of it, was mobilized at the Mexican border and served there for several months, all of the State employees who served in it were retained in their respective State positions and received the full benefit of that section as it stood under the act of 1911. It states, moreover, that the other municipalities of the State, except Mount Vernon, have complied unhesitatingly with the provisions of the act of 1917. Hence, it is to be inferred that this is the only action of the sort pending; and that there has been no prior decision of the question of the constitutionality of the statute. It is, of course, our duty to presume that the act is constitutional and valid; and the burden rests upon the defendant claiming the contrary to clearly establish its contention in order to require us to make a contrary decision.

Defendant's brief urges that the act, in the feature here under consideration, violates section 1 of the 14th Amendment of the Federal Constitution, in that it denies to others who served in the war equal benefits because it confers such advantage upon merely a selected class of the few, who chanced to be in city or municipal service; whereas the great mass of those who served are left to lose the difference between their ordinary earning and their military pay. I am not impressed with this reasoning. It appears to me to be no more apt than it would be against the various statutes giving to veterans

preferences in public employment, which have been so uni-
formly regarded as constitutional that it is difficult to find
a decision directly passing upon the question. (*Matter of
Sullivan,* 55 Hun, 285; *People ex rel. Fonda* v. *Morton,*
148 N. Y. 156.) Such legislation falls easily within the
principle upon which the Court of Appeals upheld as con-
stitutional the prevailing rate of wages statute in favor of
municipal employees which, as is sometimes said, had the
effect of securing to them ten hours' pay for eight hours' work.
(*Ryan* v. *City of New York,* 177 N. Y. 271; *People ex rel.
Williams E. & C. Co.* v. *Metz,* 193 id. 148.)

Defendant's brief also contends that the said provision here
under consideration violates the State Constitution in two
respects, viz.: Section 10 of article 8, in that it requires the
city to make to the plaintiff a gift, and that too for something
which is not at all a city purpose; and also section 28 of
article 3, because it requires the city to grant to the plaintiff
extra compensation. Both of these contentions amount to
one and the same thing, namely, that the effect of the pro-
vision is to require the city to pay the plaintiff for services
not rendered by him. This contention to my mind presents
the only serious question involved. Defendant's learned
counsel, in support of its claim, relies chiefly upon the lead-
ing case of *Bush* v. *Board of Supervisors* (159 N. Y. 212),
wherein it was held that an act which authorized the super-
visors of any county upon the petition of a majority of the
taxpayers to levy a tax for the purpose of paying the sum
of $300 to any person who served in the Civil War under
draft or paid commutation money, was unconstitutional as
violating said section 10 of article 8 of the State Constitution,
in that it provided for the making of a gift. Still, statutes
allowing counties and even towns to pay bounties in advance
for enlistment in the Union forces in the Civil War were
frequent; and our attention is directed to no case in any State
holding such a statute unconstitutional. In the only New
York case cited (*Powers* v. *Shepard,* 48 N. Y. 540) the validity
of such legislation is rather assumed than demonstrated.
Upon reflection it seems to me that this provision may well
be regarded as similar to many other statutory provisions
which have long existed unquestioned in this State securing

to certain municipal employees certain vacation seasons with full pay. The amendment of 1917 did not differ in kind from that of 1911, although the latter was obviously expected to apply at the most only to perhaps a couple of weeks' absence while in service at the State encampment. That differs only in degree from the provision of the Election Law that an employee must, without deduction of salary ·or wages, be allowed by his employer two hours upon election day for the purpose of voting. (Laws of 1918, chap. 32, amdg. Election Law, § 365.) Moreover, it is to be noted that under subdivision 5 of section 245 of the Military Law, above summarized, plaintiff was at all times liable, at request of the mayor, to be recalled into the actual service of the city. The World War and our participation in it constituted a very great emergency, and the very widest scope in favor of legislative power to provide for action therein should be given by way of constitutional interpretation. We have recently had a striking instance of this in the decisions both of the Court of Appeals and of the United States Supreme Court maintaining the constitutionality of the recent rent statutes of this State. (See *People ex rel. Durham Realty Corp.* v. *La Feira,* 230 N. Y. 429; *Marcus Brown Co.* v. *Feldman,* 256 U. S. 170.) It is, indeed, now somewhat difficult to define what the lawmaking power may not do in aid of the prosecution of a war in which the nation is engaged, and, therefore, as well each component part of the nation. My conclusion, therefore, is that the said provision of chapter 435 of the Laws of 1917 is constitutional and valid.

It is immaterial to the determination of this question even if, as claimed by the learned counsel for the defendant, the making of this allowance to the plaintiff will be inconsistent with the operation of some of the provisions of the city charter. If so, those provisions must be deemed modified or suspended by implication so far as may be necessary to give effect to the above-considered provision of the act of 1917.

As to the second or subsidiary question presented for determination, I conclude that the plaintiff should not be charged with the aggregate value of the rations and clothing which he received from the National government while in its service. The statutory term " compensation paid to him

for the performance of such duty," while quite broad and general, is limited by the word "paid."

Therefore, I advise that, upon the agreed statement of facts, the plaintiff is entitled to recover from the city of Mount Vernon the sum of $2,313.56, with interest from the time when his claim was rejected by the common council, and that plaintiff have judgment accordingly, with costs.

BLACKMAR, P. J., RICH, KELLY and MANNING, JJ., concur.

Judgment for plaintiff upon agreed statement of facts, with costs, in accordance with opinion.    Settle order on notice.