William Jay Schieffelin, Plaintiff, *v.* Charles W. Berry, as Comptroller, etc., and Others, Defendants.

Supreme Court, New York County, April 22, 1926.

**Municipal corporations — city of New York — retirement system — City Home Rule Law (Laws of 1924, chap. 363), § 11, permitting municipal assembly to adopt local laws is limited by § 12, subd. 2, and § 21, subd. 9 — Laws of 1920, chap. 427 (Greater New York charter, chap. 26), creating retirement system, may not be amended by local laws — Local Laws Nos. 10 and 18 of 1925, changing period of service as basis of compensation and minimum age of retirement, as fixed by Greater New York charter, chap. 26, are void — plaintiff entitled to continuation of injunction restraining payment of retirement allowance.**

The power granted to a municipal assembly by section 11 of the City Home Rule Law (Laws of 1924, chap. 363) to adopt local laws is restricted by subdivision 2 of section 12 which provides that "No local law shall supersede * * * * any provision of an act of the Legislature which provision relates to matters other than the property, affairs or government of cities," and by subdivision 9 of section 21, that no local law shall be adopted which supersedes a State statute if such local law affects any provision of law relating to the "property, affairs or government of a county."

Chapter 427 of the Laws of 1920 (Greater New York charter, chap. 26), creating the New York City Employees' Retirement System, does relate to the property, affairs or government of a county and to matters other than the property, affairs or government of cities, and, therefore, cannot be amended by a local law.

Neither the Home Rule amendment to the Constitution nor the City Home Rule Law permits city interference with a statute of the Legislature fixing the compensation of county or State servants merely because the local law purporting to accomplish such result affects also the compensation of city servants.

The municipal assembly cannot, by insertion in a local law of some provisions affecting the affairs of the city, evade the express prohibitions of the City Home Rule Law against the adoption of a local law which affects any statute relating to the property, affairs or government of a county, or matters other than the property, affairs or government of the city.

Local Law No. 18 of 1925 of the municipal assembly of the city of New York, which purports to amend and supersede subdivision 9 of section 1700 of the Greater New York charter, a part of chapter 427 of the Laws of 1920 which created the New York City Employees' Retirement System, by predicating the retirement allowance on the average compensation earnable by a member during his last five years of city service instead of during his last ten years, and Local Law No. 10 of 1925 which supersedes a portion of subdivision 2 of section

1710 of the Greater New York charter and substitutes the minimum retirement age of fifty-three years for fifty-eight years, fifty-four years for fifty-nine years, and fifty-five years for sixty years, are unauthorized either by the Home Rule amendment (State Const. art. 12, § 2), or by the City Home Rule Law, and are void.

Accordingly, plaintiff, a taxpayer of the city of New York, is entitled to the continuation of a temporary injunction against payment of a retirement allowance to defendant Hylan as a member of said system, since the effect of the aforesaid local laws made him eligible for a retirement allowance at a time when he was short of fifty-eight years of age, when the retirement age fixed by chapter 427 of the Laws of 1920 for persons in his class was sixty years, and increases the amount of his allowance by basing it on his average earnings during his last five years instead of during his last ten years.

MOTION by plaintiff in a taxpayer's action to continue a temporary injunction against payment of a retirement allowance to the defendant Hylan as a member of the New York City Employees' Retirement System, as created by chapter 427 of the Laws of 1920 (Greater N. Y. Charter, chap. XXVI) and modified by Local Laws Nos. 10 and 18 of 1925 enacted by the Municipal Assembly of the city of New York.

*Leonard M. Wallstein* [*Leonard M. Wallstein* and *Ralph M. Frink* of counsel], for the plaintiff.

*Watson, Godley, Sheppard & Willguss* [*John Lehman* of counsel], for the defendant Hylan.

*George P. Nicholson,* Corporation Counsel [*William E. C. Mayer* and *Arthur Sweeney* of counsel], for the defendants Berry and McGowan.

PROSKAUER, J.   By chapter 427 of the Laws of 1920 all persons are eligible to membership in the New York City Employees' Retirement System who are in city service, which is defined to be service as an official, clerk or employee of the city, or the State of New York and of any department thereof and all " counties or parts thereof which have been included within the boundaries of the city of New York * * *, so far as such service is paid for by the city of New York or by any of the municipalities, counties or parts thereof which have been included within the boundaries of the city of New York or which have been incorporated into said city * * *." (Greater New York charter, § 1700, subd. 3, added by Laws of 1920, chap. 427, as amd. by Laws of 1923, chap. 142.)   Membership is compulsory for certain officers and employees and optional for others.   The retirement allowance is made up of a pension from moneys added to the fund by the city, and an annuity, the proceeds of deductions made from the salary of the member and paid into the fund.   It is based on the average annual compensation earnable by a member during his last

ten years of city service. The minimum ages for retirement are fixed for respective classes at fifty-eight, fifty-nine and sixty years.

Local Law No. 18 of 1925 is entitled " A local law to amend and supersede subdivision nine of section seventeen hundred of the Greater New York Charter " (a part of chapter 427 of the Laws of 1920). It purports to amend the legislative enactment by basing a retirement allowance on the average annual compensation earnable by a member during his last five years of city service instead of during his last ten years. Local Law No. 10 of 1925 is entitled " A local law, fixing the minimum age for service retirement of members of the New York city employees' retirement system, and superseding so much of subdivision two of section seventeen hundred and ten of the Greater New York charter as establishes fifty-eight years, fifty-nine years and sixty years respectively as the minimum ages of retirements." It substitutes as such minimum retirement age fifty-three years for fifty-eight years, fifty-four years for fifty-nine years, and fifty-five years for sixty years.

When defendant Hylan retired from office he was short of fifty-eight years of age. The retirement age fixed by the Legislature for persons of his class was sixty years. The effect of these local laws, if valid, is thus to make him eligible for retirement allowance and to increase the amount of his allowance by basing it on his average earnings over five instead of ten years.

These local laws automatically affect the contributions and the retirement allowances of all members, whether they be county, city or State servants. These allowances are inseparably inter-woven. The affidavit of Mr. Buck, the actuary in charge of the system, states they increase " both the employee's and the city's rate of contribution." The ultimate retirement allowances of all members and the annual cost to all members and the city are reciprocally increased.

Plaintiff attacks these two local laws as unauthorized either by the Home Rule Amendment (Art. XII, § 2) or the City Home Rule Law (Laws of 1924, chap. 363, as amd. by Laws of 1925, chap. 397), from which alone it is claimed the municipal assembly could derive its power to pass them. The City Home Rule Law, section 11 (in so far as here material), permits the municipal assembly to adopt and amend local laws in relation to the property, affairs or government of the city relating to the powers, duties, qualifications, number, mode of selection and removal, terms of office and compensation of all officers and employees of the city. This power is, however, subject to the following restrictions: Subdivision 2 of section 12 of said statute (as amd. by Laws of 1925, chap. 397): " No local law shall supersede * * * any pro-

vision of an act of the Legislature which provision relates to matters other than the property, affairs or government of cities. * * *'' Section 21: '' Notwithstanding any provision of this chapter, the local legislative body of a city shall not be deemed authorized by this chapter to adopt a local law, which supersedes a state statute now in force or hereafter enacted by the legislature if such local law * * * 9. Applies to or affects any provision of law relating to the property, affairs or government of a county or counties.''

These restrictions prohibit local legislation, not only concerning '' matters other than the property, affairs or government of cities,'' but also concerning '' *any provision of an act of the legislature* '' which '' relates to matters other than the property, affairs or government of cities.'' Local laws may affect neither county affairs nor any law relating to county affairs. Chapter 427 of the Laws of 1920, as amended, did relate to the property, affairs or government of a county (City Home Rule Law, § 21, subd. 9) and to '' matters *other than* the property, affairs or government of cities '' (City Home Rule Law, § 12, subd. 2, as amd. by Laws of 1925, chap. 397), and, therefore, could not be amended by a local law.

Chapter 427 of the Laws of 1920, as amended, compulsorily relates to many county and State servants and optionally to hundreds of others. They are paid by the city. It grants retirement allowances to county and State officers, who, for the purposes of that statute only, are described as in city service. This description does not change their factual and legal status as county and State officers. The city as agent for county or State pays their salaries and as part of their compensation must contribute for them to the fund. They are none the less county or State officers. The offices of sheriff, county clerk, district attorney and register are created by article X of the Constitution. The Legislature could delegate to the city the duty to pay and to pension them; it did not and could not make them anything other than county officers. The Legislature imposed on the city the duty to make provision in the retirement system for certain State and county employees. It did not thereby confer upon the city the privilege of treating these salaries or pensions as relating to the property, affairs or government of the city. A governmental activity is not made a city one merely because the city pays for it. (*McGrath* v. *Grout*, 37 Misc. 64; 69 App. Div. 314; 171 N. Y. 7.) As was stated by Judge GRAY for the Court of Appeals: '' * * * for certain purposes connected with the carrying on of the county organization, with the payment of expenses incidental thereto, and with the collection of necessary moneys by the taxation of property within the county, the city

departments were made the agents of the State. But what they are required to do is not connected with, and does not affect, the corporate city government as such. Their action is not for the city, nor did it affect city affairs."

This rule lies at the root of the decision in *Browne* v. *City of New York* (241 N. Y. 96), which held transit to be a State function, although paid for by the city.

The granting of a pension or retirement allowance is sustainable only on the ground that it is deferred compensation. (*Matter of Wright* v. *Craig,* 202 App. Div. 684; affd., 234 N. Y. 548; *Matter of Mahon* v. *Board of Education,* 171 id. 263; *Hammitt* v. *Gaynor,* 82 Misc. 196; affd., 165 App. Div. 909.)

Chapter 427 of the Laws of 1920, therefore, was a legislative fixing, in the form of pensions, of the compensation of certain city, county and State employees, all to be paid through the agency of the city. These two local laws, therefore, attempt to change the compensation of county and State employees to the extent that they participate in the system. Since actuarily the retirement allowances of city, county and State employees under chapter 427 are interdependent, the local laws affect the salaries also of city employees. But neither the Home Rule Amendment nor the City Home Rule Law permits city interference with a statute of the Legislature fixing the compensation of county or State servants merely because the local law purporting to accomplish such result affects also the compensation of city servants. The municipal assembly cannot, by insertion in a local law of some provisions affecting the affairs of the city, evade the express prohibitions of the City Home Rule Law above quoted against the adoption of a local law which affects any statute relating to the property, affairs or government of a county, or matters other than the property, affairs or government of the city.

Defendants urge that because chapter 427 relates to the property, affairs or government of the city, the Legislature could not amend it and that, therefore, the municipal assembly must have the right to amend it. I do not decide whether under article XII, section 2, of the State Constitution, the Legislature could amend this statute except by a two-thirds vote after an emergency message from the Governor. Even if the power of the Legislature were so restricted, the conclusion would not follow from this premise that the court, as an alternative, could read into the City Home Rule Law powers in the municipal assembly which are therein expressly denied to it.

Summarily stated, chapter 427 of the Laws of 1920 creates retirement allowances for county and State officials and employees.

These allowances are compensation of county and State officials and employees. That legislative enactment related to State affairs and to the property, affairs and government of a county. As to such a legislative enactment, the municipal assembly had no power to legislate. The local laws here in question did attempt thus to legislate. They are, therefore, void.

·Motion granted. Settle order on notice.