Harold T. Garrity, J.
Plaintiff moves for summary judgment and defendant cross-moves for similar relief. The agreed statement of facts establish: plaintiff was continuously employed as a teacher by defendant for some 22 years; that in 1948, defendant established and promulgated a “ Supplementary Retirement Plan ” for the benefit of its employees; that it was medically determined in October of 1955, that plaintiff was “ permanently and totally incapacitated through sickness due to no fault of his own ’ ’.
It further appears that plaintiff had previously made virtually heroic efforts to continue teaching. This was done upon the advice of his physicians and with not only the knowledge and consent of the board of education but with their most commendable cooperation.
Plaintiff had great hope that during the Summer vacation of 1955, he would recuperate sufficiently so as to resume his full teaching duties. Defendant requested plaintiff, pursuant to the Education Law, to submit to a physical examination. Three physicians examined him and reported to defendant that it was their unanimous recommendation that plaintiff continue teaching for the 1955-1956 school year. The board of education, upon the recommendation of its superintendent of schools and plaintiff’s school principal, voted to continue his employment for a 30-day trial period.
Unfortunately,- within one week after the Summer recess, plaintiff could not continue, and on October 7, 1955, defendant voted to request his retirement pursuant to section 511 of the Education Law.
Defendant’s main points in opposition are that plaintiff’s construction of the retirement plan, in the given situation, would render it unconstitutional as violative of section 1 of article VIII of the State Constitution which prohibits school districts, among other governmental units, from making gifts. It is further urged that plaintiff failed to comply with the provisions of the plan with respect to timely notice,
*1058 We find defendant’s argument as to the first point devoid of merit. There is no constitutional barrier to the payment of plaintiff’s claim. The benefits are “ not gratuities ”, but constitute deferred compensation to promote “ long-continued and faithful service ”. (Matter of Giannettino v. McGoldrick, 295 N. Y. 208, 212.) Nor are we impressed by the argument contained in defendant’s affidavit in opposition which, if anything, establishes that the plan was designed to circumvent what may have been regarded as constitutional prohibitions by rather transparent semantic devices.. Now that litigation is pending, what in 1948 was promulgated and declared to be a ‘ ‘ Supplementary Retirement Plan ’ ’ is now denominated as merely “ an automatic salary increase payable during the last year of service ”.
We venture that a valid constitutional prohibition is not so easily overcome. Lest there be any doubts on this score, the plan itself states: “ This retirement policy is for the benefit of all school employees who shall have reached the age of retirement, and completed the number of years herein fixed or who have been totally incapacitated after the number of years of service herein fixed.”
As in People ex rel. Central Trust Co. v. Prendergast (202 N. Y. 188) the claim herein is not constitutionally barred and is founded “ in equity and justice ”.
The cases cited by defendant deal with the manner of delivery of notice or the proper authority to receive same. They have no applicability to the issue at bar.
We cannot subscribe to defendant’s contention that the filing' of a letter prior to March 15 was a sine qua non. Under the circumstances, it would impose a burden of prescience upon plaintiff as to his medical condition which three physicians demonstrably did not possess.
Plaintiff’s motion to strike defendant’s answer and for summary judgment is granted. Defendant’s cross motion is denied. Submit order on notice.