Robert J. Trainor, J.
Plaintiff is a former school teacher in the public school system of the City of Peekskill. In February, 1962, plaintiff served the Board of Education with a notice of her intention to retire at the end of the 1962-1963 school year, and requested payment, during that year, of money allegedly due to her under the “ Supplemental Retirement Plan ”, enacted by said school board in 1948 and amended in 1951. According to the terms of said ‘ ‘ Plan ’ ’, plaintiff was entitled to receive the sum of $6,693.75. (Although that figure was in dispute, it has been conceded for the purposes of this motion.) A notice of claim was duly served, and an action commenced. Plaintiff moves at this time for summary judgment.
All the material facts contained in the pleadings are admitted and agreed upon. It is agreed that only a question of law exists as to the right to summary judgment.
Defendant relies upon an opinion of the Department of Audit and Control, No. 62 — 897 as reviewed in a letter dated January 10, 1963. This opinion indicates that compliance with the “ Plan ” by the school board would be unconstitutional and in violation of the constitutional provision prohibiting “ gifts ” out of public funds. The ‘ ‘ opinion ” and its review and reaffirmance leans heavily upon the case of Matter of Boyd v. Collins (11 N Y 2d 228). The Boyd ease differs widely with the instant and involves the granting of one year’s salary to a school teacher in consideration of her resignation, prior to retirement, and a waiver of tenure. This was held to be against public policy, and the year’s salary a gift in lieu of the teacher’s tenure rights which were allegedly waived.
The instant case involves a procedure which has been followed by the school board on several occasions where teachers similarly situated have been paid according to the terms of the “ Plan A similar case, involving the same school board and the same “ Plan ” was heretofore determined in favor of another plaintiff *548 by this court (Anderson v. Board of Educ. of Peekskill City School Dist., 5 Misc 2d 1056).
As has been held on many occasions pensions, such as this, are given in consideration of services not fully recompensed when rendered and are not gifts of public funds, or gratuities. They are, in effect, pay withheld to induce long-continued and faithful service. (Matter of Giannettino v. McGoldrick, 295 N. Y. 208; Matter of Bergerman v. Murphy, 278 App. Div. 388.)
The appellate courts have reasoned that “ pensions to municipal officers and employees are not grants or gratuities, but a recognition by the Legislature of an obligation founded upon the fidelity of service rendered for the State through its political subdivisions.” (Matter of Wright v. Craig, 202 App. Div. 684.)
Judgment is therefore granted to the plaintiff in the agreed sum of $6,693.75, with interest on each monthly installment from the due date of said installment, commencing October 1,1962.