Albert A. Oppido, J.
This proceeding grows out of a collective bargaining agreement entered into by the petitioner, Edward Lecci, as representative of the Nassau County Patrolmen’s Benevolent Association, and Eugene H. Nickerson, as County Executive of Nassau County, on April 27, 1970. There is no dispute as to the facts, and the proceeding involves a question of law.
The petitioner is a member of the Police Department, County of Nassau, and the Nassau County Patrolmen’s Benevolent Association is the certified bargaining agent for patrolmen, sergeants, lieutenants and captains of the Nassau County Police Department. The respondent is the duly elected County Executive of the County of Nassau, and is authorized to enter into collective bargaining agreements with the Nassau County Patrolmen’s Benevolent Association.
This proceeding was instituted by the service of a notice of petition and petition seeking a clarification as to the legality of paragraph 7k of the 1970 contract. The subject matter of paragraph 7k “termination pay” relates to increments to be paid to a police officer or to his legal representative upon his retirement or separation from the force after 20 years’ service. The increment is to be calculated on an entitlement basis for three days for each year of completed service. Although the proper method for attaining a construction is through an action for declaratory judgment, the respondents have consented to waive the failure to commence an action for declaratory judgment as an affirmative defense, and have requested the court to adjudicate the case on its merits as if an action for declaratory judgment had been instituted herein. The court consents to so adjudicate. (CPLR 103, subd. [c].)
The defendants (respondents), while admitting that the contract was made on March 28, 1970 and approved one month later by the Board of Supervisors containing the provision in paragraph 7k, urge upon the court that the contents of paragraph 7k áre unconstitutional and unenforceable, since it constitutes a retirement bonus which is prohibited by the Retirement and Social Security Law, and is an unconstitutional gift of public moneys, which is prohibited by section 1 of article VIII of the New York State Constitution.
Plaintiff (petitioner) urges that the “termination pay” is earned compensation for actual services rendered which is merely deferred until retirement. Plaintiff (petitioner) fur *758 ther contends that terminal pay is not a gift since a gift connotes something for nothing with a lack of consideration on the part of the donee, and that terminal pay is not unconstitutional.
Insofar as pertinent, section 1 of article VIII of the New-York State Constitution provides “no county * * * shall give or loan any money * * * to * * * any individual,” except for the care of the needy, orphans and other special categories not here involved. A ‘ ‘ gift ’ ’ within this section, is a voluntary transfer of money or property without any consideration or compensation therefor, while a 1 ‘ pension ’ ’ which is not in violation of the constitutional provision, is a period allowance made by a government to an individual or to those who represent him on account of past services or some meritorious work done by him. (Matter of Bergerman v. Murphy, 199 Misc. 1008, 1013.) Pensions given in consideration of services not fully recompensed when rendered are not gifts of public funds, but constitute pay withheld to induce long and faithful service. (Matter of Burton v. City of Albany, 40 Misc 2d 50, 54; Matter of Giannettino v. McGoldrick, 295 N. Y. 208, 212; Kieran v. Hunter Coll. Retirement Bd., 255 App. Div. 378, 379; 1 Dillon, Municipal Corporations [5th ed.], § 430.)
The issue for this court to determine is whether to interpret 1 ‘ termination pay ’ ’, as described in paragraph 7k, as a gratuity upon retirement or as a form of earned compensation. If one were to view ‘ ‘ termination pay ” as a gratuity, it would be clearly in conflict with the constitutional ban against gifts as found in section 1 of article VIII of the New York State Constitution. The wording of paragraph 7k, however, suggests the opposite view, i.e., the termination pay is a form of earned compensation. The contract, specifically paragraph 7k, states that the 1 ‘ employee or his legal representative shall be entitled to cash payment for accumulated terminal leave computed on an entitlement basis ”. (Emphasis supplied.) That the police officer must perform his duties satisfactorily for a period of 20 years before he becomes eligible to the accumulated pay negates the idea of a reward or gift upon retirement, but an additional mode of earned compensation in the form of a pension.
Since the term pension is commonly referred to as a periodic allowance after retirement, ‘1 termination pay ’ ’ is not a pension in the strict definition of the term. Whether one refers to ‘£ termination pay ” as a retirement award, a retirement allowance, a retirement pension or retirement pay, it is earned compensation, and is not a gift under section 1 of article VIII. *759 Pensions and retirement allowances are part of compensation of public officials. (Schieffelin v. Berry, 217 App. Div. 451, 458, affg. 127 Misc. 178, affd. 243 N. Y. 603.) A retirement award is a form of a pension which is bargained for in collective bargaining negotiations, and becomes a part of the total package representing earned compensation. These benefits are based on actual services rendered by the employees, but the compensation is deferred until retirement.
The courts have recognized that the State and its municipalities in granting pensions, vacations or military leave are not conferring gifts upon their employees, but that essentially the promised awards are conditions of employment — a form of compensation withheld or deferred until the completion of continued and faithful service. (Matter of Teachers Assn. v. Board of Educ., Cent. High School Dist. No. 3, 34 A D 2d 351; Matter of Giannettino v. McGoldrick, 295 N. Y. 208, supra; Hennv. City of Mount Vernon, 198 App. Div. 152; Herreboudt v. Board of Educ. of Peekskill City School Dist., 41 Misc 2d 547; Anderson v. Board of Educ. of Peekskill City School Dist., 5 Misc 2d 1056; Timmerman v. City of New York, 69 N. Y. S. 2d 102, affd. 272 App. Div. 758.) “ Pensions to municipal officers and employees are not grants of gratuities, but a recognition by the Legislature of an obligation founded upon the fidelity of services rendered for the State through its political subdivisions.” (Hoyt v. County of Broome, 285 N. Y. 402, 406.)
In a recent case on the subject, Justice Stark discussed the payment of a retirement award as earned compensation: “ Nor is the payment of the retirement award an unconstitutional gift. In Matter of Boyd v. Collins (11 N Y 2d 228) relied upon by the Comptroller, the teacher was paid her final year’s salary for not actually teaching, which was clearly an unconstitutional gift. In order to receive the retirement award in this case the teacher must render full and complete teaching services during the final year. The fact that the award is computed by a multiplication of the number of prior years ’ service in the school district does not make the award a gift for past services.” (Board of Educ. of Union Free School Dist. v. Associated Teachers of Huntington, 62 Misc 2d 906, 916.)
In a case which is in point with the case at bar, Matter of Teachers Assn. v. Board of Educ., Cent. High School Dist. No. 3 (34 A D 2d 351), the Appellate Division, Second Department found that a contract provision providing for the payment of unused sick leave upon retirement is not a gift and does not offend the Constitution. (Cf. Matter of Carr v. Roesch, 231 *760 App. Div. 19, 24-25, affd. 255 N. Y. 614; Hammitt v. Gaynor, 82 Misc. 196, affd. 165 App. Div. 909; Pohle v. Christian, 21 Cal. 2d 83.) Both cases involve civil service employees; both deal with an alleged conflict with section 1 of article VIII of the New York State Constitution; both concern different forms of pensions as earned compensation, which is deferred to retirement and both are calculated on prior years of service.
Section 7 of article V of the New York State Constitution makes membership in any retirement system of the State “ a contractual relationship, the benefits of which shall not be diminished or impaired ’ \ As in any contractual relationship, the parties themselves determine the terms of the contract through mutual assent and the law of contracts.
In Matter of Carroll v. Grumet (281 App. Div. 35) the Appellate Division, First Department, considered a case involving a retired New York City fireman in a dispute with the city over pension benefits. A contract was signed by both parties whereby a cost-of-living pay increase would be given to petitioner, but it was not to enter into the computation of his pension nor considered “ salary ”. In deciding whether or not the pay increase should be considered as salary regardless of the contract, the court quoted section 7 of article V and then went on to state that it was public policy to support agreements regarding pension rights, and that (pp. 37-38): “By terming membership in a retirement system ‘ a contractual relationship ’ the Constitution obviously authorizes agreements with respect thereto, for nothing could be more inherent in a ‘ contractual relationship ’ than the right of the parties to agree with respect to the terms and conditions of such relationship.” (See Hoar v. City of Yonkers, 295 N. Y. 274; Underhill v. Valentine, 267 App. Div. 778.)
Being a contractual relationship, this court will favor those terms agreed to by the parties unless sufficient constitutional or statutory objection is shown. In their absence, freedom of contract will prevail. But here the defendants (respondents) seek to be relieved of their contractual promise to pay the increased pension benefits through a strict construction of section 1 of article VIII of the New York State Constitution, forbidding gifts to public employees. "What is a gift is determined by law based on the facts.
In McKenzie v. Harrison (120 N. Y. 260, 265), the court pointed out that “ a gift is a voluntary transfer of any property or thing by one to another without consideration ”. Thus, the transfer of money in consideration of services performed is not a gift. In Bachmamn v. Clemente Contr. Co. (86 N. Y. S. 2d *761 899, mod. on other grounds sub nom. Bachmann v. Dirrane, 275 App. Div. 753), the money received by the defendants for services in an advisory capacity was deemed consideration even though the defendants called the money which they received a gift. In the case at bar, the court is concerned with pensions, and what the promised benefits promote. In the Matter of Wright v. Craig (202 App. Div. 684, affd. 234 N. Y. 548), it was held that the payment of a pension to a public employee does not constitute a gratuity. The inducement to enter and remain in public service, which pensions and other promised benefits promote, is valid consideration to the State and not within the constitutional ban.
Regardless of the presence of adequate legal consideration, there is also a legal substitute for consideration. Under section 5-1105 of the General Obligations Law a written promise expressing past consideration, signed by the promisor, and which would be valid consideration but for the time when it was given or performed is given effect as a valid contractual obligation. Here the agreement states that the cash payment of three days is in exchange for each year of completed service. The agreement goes on to define and qualify the past consideration as given for full-time service as a member of the county police force or while on military leave of absence. Being a bargained-for provision of the collective bargaining agreement, with a recital of the past services of the policemen, legal consideration is present so as not to classify this provision as a gift.
While the defendants (respondents) claim that the additional retirement benefit is prohibited under section 1 of article VTII which in broad general terms forbids gifts to individuals by the State, section 8 of article VII specifically empowers the Legislature to legislate on pensions: “ 2. * * * nothing in this constitution contained shall prevent the legislature from providing * * * for the increase in the amount of pensions of any member of a retirement system of the state, or of a subdivision of the state * * *. The enumeration of legislative powers in this paragraph shall not be taken to diminish any power of the legislature hitherto existing.” In regard to section 8 of article VII of the New York State Constitution, “ The constitutional provision was not intended and should not be construed to make impossible the performance of an honorable obligation founded upon a public service, invited by the State, adopted as its agency for doing its work, and induced by exemptions and reward which good faith and justice require should last so long as the occasion demands ”. (Trustees of Exempt Firemen’s Benevolent Fund v. Roome, 93 N. Y. 313, 327.) Although there *762 had been no legal obligation to increase the policemen’s pension benefits, there was a moral obligation. But when the county, with authority delegated to it from the State, contracted with the Police Benevolent Association (PBA) and incorporated the retirement award into their employment contract, then it became a valid legal and enforceable promise. It is now transformed into an ‘ ‘ honorable obligation founded upon their past services and the injuries and suffering which those had occasioned ”. (Trustees of Exempt Firemen’s Benevolent Fund v. Roome, supra, p. 326.) The provision in paragraph 7k was an honorable obligation arrived at through publicly sanctioned means of collective negotiation pursuant to section 204 of the Civil Service Law. It granted the patrolman a retirement award; the award is founded upon the past and present public service in good faith. Any attempt to be relieved of this promise would be a disincentive contrary to the purposes of the Taylor Law (Civil Service Law, art. 14, § 200), against public policy, bad faith bargaining,' and not in the interests of justice.
Since section 8 of article VII gave the Legislature power to increase pension benefits, under the Taylor Law this power can be delegated to the “public employer ”, or in this case, the county through its chief executive pfficer. The public employer under the Taylor Law is empowered to enter into binding collective negotiation as to the terms and conditions of employment in the form of employee rights and benefits not otherwise authorized by law. (Civil Service Law, § 204, subd. 1.) Whether or not the county was authorized to grant a pension award depends on the legislative intent in the Taylor Law (Civil Service Law, § 200): “ The legislature of the state of New York declares that it is the public policy of the state and the purpose of this act to promote harmonious and cooperative relationships between government and its employees and to protect the public by assuring, at all times, the orderly and uninterrupted operations and functions of government”. Board of Educ. v. Associated Teachers of Huntington (62 Misc 2d 906) interpreted this to mean that this was a legislative determination of public policy of the State that public employees were to participate through collective negotiations with their employers, all the terms and conditions of their employment. In order to achieve these policy goals, the court must interpret the Taylor Law liberally. (Matter of Civil Serv. Employees Assn. v. Helsby, 31 A D 2d 325.) Also section 209-a of the Civil Service Law imposes the requirement of “ good faith ” in all collective negotiations. Here the Police Benevolent Association has entered into an agreement with the county in regard to the terms *763 of employment — defined as salary, wages, benefits, etc. by subdivision 5 of section 201 of the Civil Service Law — and now the county seeks to declare this provision of the contract unconstitutional. Taking for granted that the county is arguing in good faith, the sole issue is on the constitutional question of whether or not the .retirement award is a gift. It was held in Board of Educ. v. Associated Teachers of Huntington (supra) that a retirement award is not an unconstitutional gift if it is given in exchange for services actually performed. Again, here the policemen are performing all of their duties faithfully and in exchange for their loyality and continuous service, they are given a raise in pay, the receipt of which is deferred until retirement. Attention is called to section 113 of the Retirement and Social Security Law. That law prohibits local governments from creating or modifying any retirement system for its employees. But that is not the case now before the court.
In 1967, the Taylor Law delegated to the local governments the power to negotiate collectively in the name of the State. This law supersedes any inconsistent provision of the earlier Retirement and Social Security Law which does not coincide with the stated purposes of this new Civil Service Law (§§ 200-212 [Taylor Law],). Whereas the county cannot confer additional benefits by its own power, it can confer these benefits through the State’s power given in whole to the county. If it were otherwise, and the county never possessed power to negotiate on this point, but held itself out as having such, then it would constitute bad faith on the part of the county for so deceiving the Police Benevolent Association. But here as before, the court will infer good faith and hold that the county bargained in full honesty believing that they had full authority. They cannot now raise section 113 of the Retirement and Social Security Law as a defense since to do so would be bad faith. It should also be noted that a pension plan comes under the auspices of section 14 of article XIII of the New York State Constitution in that it grants to the Legislature power to make provisions for the protection, welfare and safety of persons employed by the State or county. This power was delegated through the Taylor Law to the county. Since a pension is inherently a welfare measure, then surely this article confers sufficient authority upon the proper public employer to so provide. A general constitutional ban on gifts does not come in conflict with this constitutional power to confer on employees, retirement benefits as a welfare provision in consideration of their continuous and faithful service.
*764 Some of the benefits derived from this agreement and conferred to the public are loyalty, faithful service, continuity of service and low turnover among employees, resulting in better trained and more experienced policemen on the force. This court cannot overlook the reality that competition in private industry could possibly divert many good and qualified men from joining or staying with the police force. It is a combination of all these benefits which makes service to the county attractive. This is not to mention the fact that the county, under this plan, will have the benefit of the use of this money, earned presently, but not paid until retirement. This means that while a principal sum earns interest, the county can possibly offset their payments through the present use of these funds over 20 years by investing the accrued salaries in securities.
The undertaking of the defendants (respondents), Nassau County, to pay the termination pay or retirement award in the collective bargaining agreement with the plaintiff (petitioner) was an exercise of reasonably implicit power pendent to its express power and duty to contract with its civil service employees, and to determine the compensation and conditions of employment under which the policemen were to perform their services.