OPINION OF THE COURT
Rudolph U. Johnson, J.
By order to show cause dated December 4, 1978, petitioner seeks a preliminary injunction restraining respondent from requiring petitioner and others to provide certain financial disclosure statements. Submission of these disclosure statements was required by respondent in accordance with its resolution promulgated at its November 14, 1978 board meeting.
Petitioner maintains that this requirement is violative of *723 his constitutional protection against invasion of privacy by an arbitrary action, without due process of law. Petitioner argues that the respondent, board of education, is merely a governmental agency of the State and possesses only delegated powers. As such it derives all powers, duties and responsibilities from specific statutory grants of authority from the State Legislature. Inasmuch as there has been no such legislative authorization which would otherwise set forth definable legislative standards for the promulgation of the financial disclosure in question, petitioner concludes that respondent’s action is illegal from the outset and, therefore, is arbitrary and capricious, violates due process of law and is constitutionally vague.
Respondent, however, denies petitioner’s challenge and finds its legislative authorization in the general delegation of power to school districts set forth in section 1709 of the Education Law (powers and duties of boards of education), which reads:
"The said board of education of every union free school district shall have power, and it shall be its duty:
"1. To adopt such by-laws and rules for its government as shall seem proper in the discharge of the duties required under the provisions of this chapter.
"2. To establish such rules and regulations concerning the order and discipline of the schools, in the several departments thereof, as they may deem necessary to secure the best educational results.”
Respondent argues that its disclosure requirements serve the legitimate purpose of protecting the public’s financial interest in the administration of the school district, from any conflicting individual interest which might result from outside financial considerations had by any district employee holding a confidential or managerial position.
While this court does not disagree with respondent’s position that its action has a reasonable objective; namely, to avoid conflicts of interest and to insure the integrity and impartiality of its employees and thus avoid even an appearance of impropriety, we cannot, however, find any underlying statutory authority for its resolution.
In reviewing the arguments presented we are not persuaded by any of the case authority cited in the supporting affidavits or submitted memorandum. The cases therein, are all distinguishable from the issue at hand. That issue revolves primar *724 ily around the breath of the interpretation this court must give to section 1709 of the Education Law.
It is historic legal principle that school districts have no inherent powers. Like other municipal corporations, they possess only those powers expressly delegated by statute or necessarily and reasonably implied therefrom. Respondent’s reliance on subdivisions 1 and 2 of section 1709 of the Education Law is unfounded. Section 1709 contains 35 enumerated subsections which specifically delegate various powers to school districts. To grant to subdivisions 1 and 2, the kind of broad and sweeping authority suggested by respondent, to promulgate any and all by-laws and rules which a particular board of education deems necessary for its government, would obviate the need for any further enumeration of specific authority. This is clearly not the intention of the statute. Rather these subdivisions allow for those by-laws, rules and regulations which will implement the later enumerated powers and provide for the general order and discipline of students within the schools. In no way may they be construed as an authorization to intrude on an asserted right of privacy of employees or to go beyond the other enumerated powers. The respondent’s resolution requiring financial disclosure is, therefore, without statutory authority and is void.
In making this finding the court hastens to note that the issue of constitutionality of a resolution requiring financial disclosure by particular school employees, if promulgated pursuant to a State enabling statute, is not reached. An affirmative conclusion is, however, suggested in Rapp v Carey (44 NY2d 157) and Evans v Carey (53 AD2d 109).
Similarly the court need not reach the additional constitutional questions raised by the petitioner.
Petitioner’s request for a preliminary injunction is granted.