Honorable Willard F. Croney, Executive Director NYS Soil and Water Conservation Committee
Based upon your letter and a telephone conversation with this office, you ask our opinion whether a county soil and water conservation district ("district") may pay membership dues in the National Association of Conservation Districts ("Association"), a non-profit organization, and contribute money to various programs administered by the Association. You state that the contributions would be used by the Association to defray the expense of its national meeting and to finance, among other things, a legal fund for litigation involving conservation issues, educational programs, including seminars, grants to college students and special awards for teachers, and gifts to officers. It is our understanding that the Association is primarily involved in supporting conservation programs.
A district is created and funded by the county (Soil and Water Conservation Districts Law, § 5[1]; County Law, § 223). We have previously stated that a district, although not a "municipal corporation" within some definitions (see General Municipal Law, § 2; but see General Municipal Law, § 77-b), like other districts for special municipal purposes has some of the attributes of an independent municipal corporation (1943 Op Atty Gen 454; 1944 Op Atty Gen 207). For example, a district may acquire and dispose of real and personal property (Soil and Water Conservation Districts Law, § 9[4]), sue and be sued (id.,
§ 9[9]) and enter into contracts (id.). The statute is replete with indications that districts are to be considered public corporations (1944 Op Atty Gen [Inf] 158). That being the case, we believe that the expenditure of public funds by a district is subject to the same limitations on spending applicable to other municipal corporations. These restrictions include the constitutional prohibition against gifts to private corporations or associations (NY Const, Art VIII, § 1) and the requirement that the expenditure be authorized by statute (Hess v Boardof Education of Central School District No. 1, et al., 41 A.D.2d 151 [3d Dept, 1973]). A "gift" within the prohibition of Article VIII is defined as a voluntary transfer of money or property without any consideration or compensation therefor (Lecci v Nickerson, 63 Misc.2d 756 [Sup Ct, Nassau Co, 1970]).
The legislative policy underlying the enactment of the Soil and Water Conservation Districts Law is "to provide for the conservation of the soil and water resources of this state," among other things (Soil and Water Conservation Districts Law, § 2). An analysis of Soil and Water Conservation Districts Law, § 9 reveals that districts have been granted broad powers to conduct their own affairs in order to implement this policy. These include the power to conduct surveys, investigations and research relative to erosion and floodwater damages and preventive measures, and to disseminate information pertaining to the latter (Soil and Water Conservation Districts Law, § 9[1]). A district is also authorized to carry out preventive and control measures within its locale (id., § 9[2]), to cooperate with and furnish financial aid to "any agency" in carrying on soil and water conservation projects (id., § 9[3]), to expend its own funds in carrying out an authorized project (id., § 9[4]), to develop comprehensive plans for the conservation of soil and water resources (id., § 9[7]) and to adopt and amend rules and regulations necessary to carry into effect its purposes and powers (id., § 9[9]).
We believe that the foregoing provisions of section 9 are broad enough to permit a district to expend public funds for the payment of membership dues in the Association and for the support of selected programs administered by the Association, provided, however, that such expenditures do not run afoul of the constitutional prohibition against gifts in aid of private organizations.* Included within this prohibition, we believe, would be gifts to the Association, as well as payments to be used by the Association to fund gifts (1971 Op Atty Gen [Inf] 102). Expenditures for other purposes, such as for membership dues or selected programs, would be authorized if the district determines that the benefits to be derived from such activities constitute adequate consideration for those expenditures and that such expenditures further the public policy of soil and water conservation (Soil and Water Conservation Districts Law, §§ 2, 9). These determinations should be made in the first instance by each district on a case-by-case basis based upon an analysis of local conditions and needs.
We conclude that a soil and water conservation district may expend public funds for the payment of membership dues in the National Association of Conservation Districts and for the support of selected programs administered by the Association, provided such expenditures are supported by adequate consideration.
* We note that under section 9(14) a district is authorized to expend funds for the maintenance and continuation of the New York State Soil and Water Conservation Districts Association. In addition, General Municipal Law, § 77-b authorizes a district to pay certain expenses and fees incurred by its members in attending a convention or conference conducted for the betterment of the district. While these provisions are not directly applicable to the question at hand, they are indicative of a legislative determination that expenditures of this nature are for a public purpose.