Phyllis S. Jaffe, Esq. Mamaroneck School District
The union free school district you represent received a painting as a gift from the artist and also owns the copyright in that painting. An individual has proposed that the district permit him to make reproductions of the painting and sell them for his personal profit, in consideration of 300 reproductions, which would be sold by students and the proceeds used for the benefit of student activities. You ask whether the district's permission to use the painting for this purpose would violate the constitutional prohibition against gifts of school property to private individuals. We note that, under the proposed agreement, the district would essentially be granting a license for the use of its exclusive property rights, as owner of the copyright, of reproduction and sale of the painting. (See, 17 U.S.C. § 106[1], [3], 201[d];Chamberlain v Feldman, 300 N.Y. 135 [1949].)
We note, initially, that school districts are authorized to accept gifts to be utilized for school purposes in accordance with the instructions of the donor (Education Law, § 1709[12]). We assume that the proposed use of the painting or copyright would not be contrary to any instructions which the artist may have given.
A preliminary question is whether your school district is authorized to enter into contracts for the use of its personal property, or otherwise to alienate its rights in such property. It is established that school districts possess only those powers expressly delegated by statute or necessarily and reasonably implied therefrom (Flaminio v Board ofEducation of Cleveland Hill Union Free School District, 97 Misc.2d 722
[Sup Ct, Erie Co, 1979]). There is no express authority for a union free school district to contract for the use of its personal property, or otherwise to alienate its rights in such property.* The board of education of each such district is vested with title to, and possession of, all school property within its district (Education Law, §1709[9]). We think that the power of a board to enter into contracts for the use of personal property of the district, or for the transfer of rights in such property, may be reasonably implied from the board's ownership of, and control over, that property.**
The fact that your board possesses this power does not, however, end the inquiry. Article VIII, section 1 of the New York State Constitution prohibits a school district from giving or lending its property to or in aid of a private individual or private undertaking. In order to avoid this constitutional constraint, your school district must establish that the contract serves a school — that is a public — purpose and that the contract is supported by fair and adequate consideration running to the district (NY Const, Art VIII, § 1; Murphy v Erie County,28 N.Y.2d 80 [1971]; Lecci v Nickerson, 63 Misc.2d 756 [Sup Ct, Nassau Co, 1970]; 1980 Op Atty Gen 142). Case law has imposed a fiduciary duty upon a board of education to receive the highest possible consideration in disposing of personal property of a school district (Matter of Ross, etal. v Wilson, et al., 205 Misc. 295 [Sup Ct, Albany Co, 1954], revd284 App. Div. 522 [3d Dept, 1954], revd 308 N.Y. 605 [1955]; Berkey vDowning, 68 Misc.2d 595 [Sup Ct, Tompkins Co, 1972]; Opn Comm Ed, 1974, 14 Educ Dept Rep 5).
Whether the proposed contract serves a school purpose and is supported by adequate consideration are purely factual matters which should be determined in the first instance by your board (Lecci v Nickerson,supra; 1980 Op Atty Gen 142). We believe that the funding of student activities constitutes a permissable school purpose.* We are of the opinion, however, that a substantial question is raised whether your board would be fulfilling its fiduciary obligation to obtain the highest possible consideration where, as under the terms of the agreement, the private benefit to the reproducer could very well be far in excess of the benefit derived by the district (Murphy v Erie County, supra; Matter ofRoss v Wilson, supra; 1981 Op Atty Gen 97; 1980 Op Atty Gen 142). In view of the unusual nature of the property involved, we think it would do well for your board, prior to entering into an agreement of this nature, to make detailed findings as to the value of the copyright, the adequacy of the proposed consideration, and the necessity of the contract as a means of promoting a valid school purpose.
We conclude that a school district may enter into a contract for the sale of reproductions of a painting owned by the district, provided the contract serves a school purpose and is supported by adequate consideration.
* We note that certain city school districts have been expressly granted this power. (See, Education Law, § 2511, 2554[5].) In addition, all school districts may permit the use of their school buildings and grounds, when not in use for school purposes, for designated public purposes (id., § 414).
** The power of a board to sell or otherwise transfer rights in personal property of the district has been previously noted by this office (1942 Op Atty Gen 367) and has also been noted by other authorities. (See, Op Comm Educ Dept, 1974, 14 Educ Dept Rep 5; Opn St Comp, 1958, No. 58-296.)
* We note that, since the sale of the 300 reproductions would be a sale of school district property, the proceeds could not be used to fund student activities unless approved by district voters (Education Law, § 1503).